## No. 72.

### LIZZIE DICKSON VS. M. H. DICKSON ET AL.

33b1261
51 409
33 1261
109 245

The Defendants in this case are held liable in damages to the Plaintiff for having by threats, persuasion and otherwise induced the laborers on the latter's plantations to abandon their work and violate their contracts of employment, by which fact the said plantations were left uncultivated.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor, J.*

Dickson vs. Dickson et al.

### J. Henry Shepherd for Plaintiff and Appellee:

First—A party who, without opposition, suffers evidence to be adduced contrary to or beyond the allegations contained in the pleadings, though it might have been excluded on legal grounds, is bound by its effect. Evidence makes pleadings. 15 La. 328; 15 An. 389; 20 An. 241, 379. 12 R. 20.

Second—Every act of man that causes damage to another obliges him by whose fault it occurs to repair it. R. C. C. 2315.

Third—Illegal trespass through malice and with intent to injure, constitutes an offense subject to exemplary damages, and in such cases reparation must be equal to the injury. Sedgwick on Damages, Chapter XVIII; Nelson vs. Morgan, 2 Martin 263; Edwards vs. Turner, 6 R. 382; Grant vs. McDonough, 7 An. 447; Frazier vs. Parsons, 24 An. 339; Cooper vs. Capel, 29 An. 214.

Co-trespassers are liable in solido.

### Looney & Elstner and Wise & Herndon for Defendants and Appellants:

"An action of damages caused by the homicide of a free human being cannot be maintained." Huhgh vs. the N. O. and C. Railroad Co., 6 An. 495.

Then how can an action be maintained for loss of labor of a free human being? See Hen. Dig., 2d vol., p. 1056.

To recover damages, the damage must be made direct or certain. A probable cause is not sufficient. 16 An. 121; 21 An. 185; 17 An. 294; 18 An. 597; 15 An. 268, 457; 19 An. 121; 22 An. 378; 29 An. 764.

One not owner of the land has no action of trespass. 23 An. 529.

---

The opinion of the Court was delivered by

FENNER, J. The cause of action, in this case, as appears from the pleadings and the evidence, is the following:

Plaintiff had leased from her mother, Mrs. H. P. Dickson, for the term of five years, at an annual rental of $4000 per annum, two plantations, known as Lake and Kansas plantations, the property of the community of acquests and gains which subsisted between Michael Dickson, deceased, and his surviving widow, who held the same as legal usufructuary. The plaintiff and three of the defendants are co-heirs of Michael Dickson, and the other defendant is husband of one of the defendant co-heirs. Defendants were anxious that their mother, Mrs. H. P. Dickson, should renounce her legal usufruct, and that their sister, the plaintiff, should abandon her lease of these valuable plantations, in order that there might be a settlement of the estate and a partition thereof amongst the heirs. They importuned their mother and sister to enter into this arrangement, but the plaintiff persistently refused to give up her lease. The three male defendants then formed, proclaimed and entered into a common design or conspiracy to force the plaintiff to accede to their wishes by rendering the lease valueless to her if she persisted in holding to it, and, for that purpose, to deprive the plantations of labor by threats, persuasions and other inducements addressed to the laborers. In prosecuting this common intent, they did visit the

said plantations repeatedly in the early part of the year 1880, while the plaintiff was making her arrangements with the laborers thereon for the then current year, and they did, by means of threats, persuasions and otherwise, induce the laborers to refuse to contract or to abandon their contracts with the plaintiff, and to leave the plantations. These acts were done with no legitimate purpose of securing labor for themselves by offering superior inducements, but solely for the purpose of injuring the plaintiff and of preventing her from deriving any benefit from her lease. The result was that all the laborers on one of the plantations abandoned it, and the place remained uncultivated during the year. A considerable number of those on the other place also left it, and a large part of the land lay idle in consequence.

We have carefully weighed the conflicting testimony, with the aid of the masterly review and summing up thereof by the judge *a quo*, and we think it fully sustains the above conclusions, which are announced by us almost in his own language.

It is manifest that these acts, thus wantonly and maliciously done by defendants, were, in the sense of the law, *faults*, that is, acts done in the exercise of no legal rights of their own, and in violation of the rights and feelings of the defendant, who was entitled to pursue her lawful business without interference or hindrance from defendants. For the damages resulting from such acts, the defendants are responsible.

We see no sufficient reason for interfering with the estimate of the judge *a quo* as to the quantum of damages.

The judgment appealed from is, therefore, affirmed at appellants' cost.