Riggs & Bro. vs. Bell et als.

---

## No. 9943.

### A. RIGGS & BRO. vs. MRS. JESSE K. BELL ET ALS.

Defendants have a right to object to a cumulation of several distinct causes of action against them, where these have no cognate origin, and where they have no common interest to be adjudicated upon in one judgment.

They may sever, but are not bound to do so.

In a suit in damages for the wrongful obtention of an injunction, the plaintiffs in injunction the sureties on the bond and an alleged instigator or fomentor of the proceeding, though sued, some *ex contractu* and others *ex delicto,* may be joined as defendants in the same suit, reserving their right of severence in their defenses.

Consent cannot give jurisdiction ; and when our attention is called to a defect of jurisdiction *ratione materiæ,* we are bound to rectify it, whatever the laches of the parties.

APPEAL from the Civil District Court, Parish of Orleans. Monroe, J.

---

*Thomas J. Semmes, Albert Voorhies* and *Branch K. Miller,* for Plaintiffs and Appellants.

*James Timony, Sam'l L. Gilmore* and *J. D. Hill,* for Defendants and Appellees.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit in damages for the wrongful obtention of an injunction.

It is brought against the plaintiff in the injunction case, the sureties on the bond and another party, represented as having maliciously instigated the proceeding.

The amount claimed is $7000.

The defendants excepted on the ground of misjoinder of parties, the instigator pleading further, prematurity, and no cause of action.

From a judgment sustaining the defense the plaintiffs appeal.

It is evident that the suit is based on a *contract*, as to certain defendants, and on a *tort* as to others.

It is, therefore, apparent that the defendants are all brought in on distinct causes of action.

This would be sufficient to justify their objection, if these causes had not a cognate origin, and if the defendants had not a common interest to be adjudicated upon in one judgment. 32 Ann. 1165.

It is clear that the plaintiffs had a right to two actions, one on the bond, another on the tort; but in the exercise of the first right, they could not claim from the sureties, more than the amount for which they had agreed to make themselves liable by contract, in case the injunction was decided to have been wrongfully obtained.

It is also clear, that they could have joined in the same action, the principal and the sureties, although more be claimed of the former than could be of the latter. Conery vs. Conners, 33 Ann. 373.

If they had the right thus to sue the principal and the sureties, although liable for different causes and for different amounts, it is impossible to discern why they could not bring in the alleged instigator, who may be held liable for the same reason that the principal can be, and which is not the fact of the giving of the bond, but simply the wilful perpetration of a wrong, from which damages have resulted, and for which liability may be incurred without bond.

The defendants surely have a right to sever in the defenses, but this they are not bound to do. This right has been more than once recognized, 17 L. 421 ; 38 Ann. 187; but this is no reason why they cannot be brought in together to defend the suit, where the causes have a cognate origin, and they have a common interest to be adjudicated upon.

The law abhors a multiplicity of actions, and favors the institution of suits against all defendants who may be liable for the same original cause, and who may have an interest to resist a plaintiff.

*Interest reipublicæ ut sit finis litium.*

In the present instance it is apparent that, if the defendants collectively and separately are liable, it is for causes which have a primitive

source, namely, the wrongfully procuring and execution of the injunction, that it matters little, or not at all to them, whether they can be held for the damages said to have been sustained because of a contract or because of a tort, and that they have a decided interest in defeating plaintiffs' claim, for if they succeed in their defense, they will have shielded themselves from all future molestation.

The principle here announced was formally recognized in Waldo vs. Angomar, 12 Ann. 74, in which the court distinctly held that defendants have a right to object to a cumulation of several distinct causes of action against them, *unless* they have a common interest to be adjudicated upon in one judgment. To this conservative rule we adhere.

It now remains to consider the pleas of prematurity and no cause of action offered by the alleged instigator or fomentor of the injunction proceeding.

We have not been shown how those pleas can hold, and we do not perceive on what they are made to rest.

No doubt the *first* is based on the assumption that a suit does not lie against him until *after* damages shall have been awarded against the principal in the case, and the *second* on the absence of a sufficient charge to hold him liable.

The first objection might be considered, if urged by the sureties, but it cannot be countenanced when presented by the alleged instigator, for he is sued at least on the same ground which would have sufficed to hold the plaintiff in injunction responsible had no bond been furnished.

The second objection lacks foundation, for, if it be true that this defendant acted maliciously, and so instigated the plaintiff to bring, without probable cause, the injunction proceedings which were instituted, and if the injunction is shown, by legal evidence, to have been wrongfully obtained, it is palpable that this defendant could be held liable for the injury which may be proved to have been sustained.

The exceptions ought to have been overruled.

It is, therefore, ordered and decreed, that the judgment appealed from be reversed, and that the exceptions be overruled and the defendants ordered to answer. It is further decreed, that this suit be remanded to the lower court for further proceedings according to law, the costs from the filing of the exceptions and those on appeal to be paid by the defendants.

---

### ON APPLICATION FOR REHEARING.

FENNER, J. Counsel for the parties defendant who were sureties on the injunction bond, and against whom the plaintiffs only claim a

judgment *in solido* for $750, now call our attention, for the first time, to our want of jurisdiction in this case so far as they are concerned.

As no such suggestion was made at the hearing, and as one of their counsel actually appeared and argued the case, we should certainly hold them bound, if consent could give us jurisdiction. But neither neglect nor consent of parties can absolve us from our duty to obey the Constitution, and if that denies us jurisdiction we must heed its mandate.

The record shows that these defendants filed separate and independent exceptions of misjoinder, and, as to them, the judgment of the court *a qua* maintaining the exception and dismissing the action as in case of non-suit, was final so far as any right of review by this court was concerned.

We must, therefore, amend our decree in this respect.

It is, therefore, ordered and decreed, that our former decree be now amended so to restrict the reversal of the judgment appealed from to the exceptions of Mrs. Bell and of Alexander Hill; and it is further ordered that, as to the other defendants, the appeal be dismissed.