The opinion of the court waR delivered by
Breaux, J.
The accused, Stella Griffin, as principal, Frank Johnson and Will Smith, as accessories, were indicted for the murder of John Griffin.
They were tried, found guilty without capital punishment, and sentenced to hard labor in the penitentiary for life. They prosecute this appeal.
Four bills of exception were reserved by them; a motion for a new trial and a motion in arrest of judgment was filed.
The first bill of exception was taken to the admission in evidence of the confession of Stella Griffin, made to A. J. Bell, a witness.
The facts as stated in the bill are that the witness, a newspaper writer, said to her that her first statement was not accepted as the truth by the public, and suggested that she should make a correct statement. The court certifies that after the District Attorney examined the witness, and the counsel for the defendant had cross-examined him touching the proper basis for the admission of the *1411 confession, it was evident that the witness, prior to receiving the confession, informed the defendant that he was a newspaper man, who wanted a statement from her for publication. There was no violence used, no threats made and no inducement offered. On the contrary, he informed her that there was nothing he could do for her in the way of immunity from punishment.
Having heard the testimony upon this point, the court admitted the evidence.
It does not seem to us that the rights of the accused were prejudiced by the court’s ruling admitting the confession in evidence.
There was no such inducement offered as destroys the voluntary character of confession.
The trial judge in whose presence the accused and the witness were, who must have considered the age, the surroundings, the circumstances and all the proof, was satisfied that the confession was voluntary. We can conceive of no reason why his ruling, admitting the confession, should be disturbed.
The second bill of exception was reserved to the court’s ruling in admitting testimony, it is urged by the defendants, although no conspiracy was shown as required. The indictment sets forth a conspiracy.
The trial judge wrote a detailed statement of the facts showing the conspiracy charged; it is copied in the bill of exception and supports his ruling. No attempt was made to disprove the statement, which has every appearance of being correct. Sufficient foundation having been laid, the evidence consisting of the conversation of one of the accused, with the witness, out of the presence of the principal Stella Griffin, was admissible against all the parties to the conspiracy in matter of carrying out the common design. Archibold, 7th Ed. Vol. 11, p. 1058.
The third bill of exception was taken to the court’s ruling on the motion for a new trial.
The first ground of the motion is that the court failed to charge the jury, that no inference was to be drawn from the fact that the defendants did not avail themselves of the right of testifying.
It is urged by the defendants, with some force, that Act No. 29 o the Acts of 1886, makes it the duty of District Judges to charge the jury not to base any presumption against the accused upon the ground that he has not chosen to testify.
*1412 The court, unquestionably,' should always instruct the jury as required by the statute cited, should the accused choose not to testify. The trial judge informs us, by statement in the bill of exception, that the request for a written charge was not seasonably made; notwithstanding that fact a charge was written and read to the jury to which no objection was offered, and that it was through oversight that he did not specially instruct the jury as required by Act 29 of 1886. He called upon counsel for the accused to know if he had any special charge or instruction. The counsel replied in the negative. The accused took the chances of an acquittal and made no objection prior to the application for a new trial.
There may be cases in which the objection here made would be of no avail to annul a verdict. Accused may choose to waive well-expressed rights. Whether there was a waiver in this case is not important to decide, for the case must be remanded on another ground.
The second objection urged, shown by Bill No. 3, has reference to the alleged suggestions and advice on the part of the clerk of the court to the District Attorney. There was nothing officious on the part of the former, and nothing improper on the part of the latter. He desired information in regard to jurors who would impartially discharge the duty devolving upon jurors.
The District Attorney was a stranger in the parish. The clerk had a large acquaintance. The information given about the fairness and responsibility of jurors, in compliance with the District Attorney’s request, was legitimate and proper. The accused had no cause to complain.
The fourth and last bill of exception was taken to the judge’s ruling in refusing to sustain the motion in arrest of judgment.
The following is an extract from the indictment setting forth the crime charged, with blank space as in the original:
“In and upon one John Griffin in the peace of the State then being did and there wilfully, maliciously, feloniously and of her malice aforethought make an assault upon him, the said John Griffin, and did then and there wilfully, maliciously and feloniously, and of her malice aforethought kill and murder and the grand jurors aforesaid upon their oath aforesaid do further present that one Frank Johnson and Will Smith, late of the parish of Jackson, district and State aforesaid, before the commission of the *1413 aforesaid offence and felony aforesaid, the said Frank Johnson and Will Smith aforesaid did feloniously, wilfully, maliciously and of their malice aforethought counsel, procure and abet the aforesaid Stella Griffin to commit the aforesaid offence and felony at the time and in the manner and form as aforesaid.”
The indictment is fatally defective. The statement that the accused feloniously and wilfully, and of her malice aforethought, did kill and murder, without inserting the name of the one murdered, does not amount to a charge of which the court can take cognizance.
The name of the person upon whom it is charged an assault was committed is mentioned, but no mention is made of the name of the person alleged to have been murdered. It is not sacramental that the name of the deceased shall follow the word “murder,” but it is essential that pronouns be used, if the name is not repeated, to make it appear certain who has been murdered. The failure to insert the name, or to make it appear by sufficient averment who was murdered, is not a mere defect of form. Whenever the name of the one killed is known it is absolutely necessary to insert it, otherwise it is a ground for a motion in arrest of judgment. If the accused committed an assault upon the deceased, it does not follow that she was the one by whom he was murdered. She may have committed the assault, but he may have been murdered by another. To support an indictment for murder, the prosecution must prove that the prisoner killed the deceased. After sentence and judgment it must appear that the name of the deceased is stated in the indictment.
“An indictment must either state the name of the one killed, or that he was unknown to the jurors. ” Russell on Crimes, Vol. 1, p. 555.
We would not feel justified in affirming the judgment of the court. The cause must be remanded for a new trial.
It is therefore ordered, adjudged and decreed that the sentence and judgment of the court a qua be reversed, the verdict set aside, the indictment annulled and the case remanded for legal proceedings against defendants. They are remanded in custody subject to thé orders of the District Oourt of the parish of Jackson.