GREEN JOHNSON V. THE STATE.

No. 798.    Decided November 16, 1910.

**1.—Murder—Certified Copy of Indictment—Motion to Quash.**

Where, upon appeal from a conviction of murder, the appellant complained that the court below should have quashed the indictment because there was no entry of same on the minutes of the court and defendant had not been served with a certified copy thereof, but it appeared from the record that such entry was made and that the defendant was duly served with a certified copy of the indictment, there was no error; besides this was not ground for quashing the indictment and could have only afforded ground for postponement.    Following De Olles v. State, 20 Texas Crim. App., 145, and other cases.

**2.—Same—Practice in District Court—Nunc pro tunc.**

Where the State's counsel made a motion to enter *nunc pro tunc* upon the minutes of the court the presentment of the indictment which the court granted and had new precept issued, there was no error.

**3.—Same—Special Venire—Service of Certified Copy.**

Where, upon trial of murder, the defendant complained that he had not been duly served in accordance with law with a certified copy of the special venire, and the State contested this motion and the record on appeal showed that such service was duly made upon defendant, and there was no bill of exceptions with reference to this matter in the record, the same could not be considered on appeal.

**4.—Same—Name of Injured Party—Variance.**

Where the defendant in his motion for new trial after conviction of murder claimed a variance in the name of the party injured, but there was no evidence in the record on appeal upon this question, the matter could not be reviewed, and there was no error.

**5.—Same—Sufficiency of the Evidence—Plea of Guilty—Death Penalty.**

Where, upon trial of murder, the defendant pleaded guilty after being duly admonished, and the court charged the law, and the evidence sustained the conviction of the death penalty, the same will not be disturbed on appeal.

Appeal from the District Court of San Jacinto.    Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder in the first degree; penalty, death.

There is no statement of facts on file.    The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with and convicted of the murder of Alice Harrison.    Upon a plea of guilty the jury gave him the death penalty.

1.    When the case was called for trial appellant moved to quash the indictment, first, because the presentment of the indictment by the grand jury had not been entered upon the minutes of the court, and, second, because a certified copy of the indictment in the case

"was and has been made out, certified and delivered to him as prescribed by law, the said defendant being confined in jail." We will treat this question as if the allegation was that a copy of the indictment had not been served upon him. The State controverted this motion on the ground that the minutes of the court do show that the presentment of the indictment was entered upon said minutes, and that appellant had been served with a certified copy of the indictment as shown by the precept attached to this controversion by the State. This exhibit to the State's controverting statement shows that on the 2d of May appellant was served in person with a certified copy of the original bill of indictment. We are led to believe that the second ground of appellant's motion to quash has been incorrectly copied, and that instead of saying that a certified copy of the indictment had been made out and served on him, he intended to say that it had not been. Be that as it may, it is shown that a certified copy was served upon him, and besides, this would not afford a ground for quashing the indictment. It might afford a ground for postponement of the trial until he could be served as required by the statute, but it would not afford a reason why the indictment should be quashed. Nor does the fact that the presentment of the indictment was not entered upon the minutes of the court afford a ground for quashal of the indictment. DeOlles v. State, 20 Texas Crim. App., 145; Rowlett v. State, 23 Texas Crim. App., 191; Rather v. State, 25 Texas Crim. App., 623. The latter two cases cited approvingly the case of DeOlles v. State, 20 Texas Crim. Rep., 145, supra.

2. There was a motion made by counsel for the State to enter nunc pro tunc upon the minutes of the court the presentment of the indictment. This order was granted by the court, and the proper entry made.

3. Appellant filed a motion to quash the venire. This motion recites he was indicted for murder in the first degree by the grand jury, which indictment was returned into court on the 2d of May, 1910. That on the 3d of May appellant was brought into court and asked if he had an attorney to represent him, or if he was financially able to employ one. Having informed the court that he neither had an attorney nor the means to employ one, the court appointed Mr. E. W. Love, an attorney of the San Jacinto County bar, to represent appellant, and the case, it is alleged, was then set down for trial on the 12th of May, 1910, nine days after the return of the indictment, and ten days after counsel had been assigned. He alleged that this was not sufficient time to enable him to prepare his defense, in that a venire of sixty men was ordered to be drawn out of which to select a jury to try him. That on the 11th of May a purported copy of said venire of sixty men was served upon him. That immediately thereafter he handed this copy to Mr. Love; that he, appellant, knew but few of the men on the venire. That Mr. Love continued in the defense until the 12th of May, on which last mentioned day

appellant's relatives, who live a considerable distance from the court-house, were enabled to secure counsel to defend him, but left no time for his attorneys to prepare for his defense. That when his case was called for trial on the 12th of May, Mr. Love appeared in court and asked to be relieved from further service in the case as defendant's relatives had employed counsel to represent him. The court excused Mr. Love. Mr. Love handed Mr. Hansbro, one of the attorneys who had been employed to represent appellant, the copy of the venire which had been served upon defendant. That said attorney Hansbro, after announcement by the State of ready for trial, asked that the names of the sixty men who had been summoned be called, and that the return of the sheriff upon said venire be examined. It thereupon appeared to the court that no precept had been issued by the clerk of the court authorizing the sheriff to summon the venire, and no return was made on any precept showing dates of service of venire on defendant, but it appeared from a purported return of the sheriff that of the sixty men directed to be summoned as aforesaid, that forty-two had been actually summoned to appear in court on the 12th day of May, 1910. Of this number he alleges a large percent were exempt from jury service. That out of forty-two men who had been summoned by the sheriff that only twenty-six answered; where-upon the court of his own motion directed the sheriff to bring into court by attachment process all those who had theretofore been sum-moned, and who had failed to answer, and postponed the case to the 16th of May. That in answer to the directions the sheriff had re-turned into court the names of forty-two veniremen summoned, of which thirty-four answered when their names were called. That the names and persons attached and summoned since the 12th of May, 1910, had never been served upon the defendant, or his counsel. Appellant further charges that the notice he has had of the names of the jurors to try him has not given him the time that the statute provides; that he is entitled to, in order to inquire into and ascer-tain their qualifications as jurors; wherefore defendant prayed the court that the venire be quashed and another ordered.

The State met this by countermotion, which alleges that appellant was duly served on the 12th of May, 1910, with a certified copy of the special venire summoned in accordance with law, by Deputy Sheriff R. R. Poe, and attaches as evidence of that fact the writ served, marked exhibit A. The motion further states that out of the sixty men drawn on the venire the return shows that forty-two were summoned to appear as special veniremen in this case, of which number there were thirty-four present in court, eight of the forty-two having been excused by counsel upon both sides, and by filing their exemptions with the clerk of the court. The service of the pre-cept to serve certified copy of jurors summoned is attached to this controverting motion as well as the sheriff's return, which shows that it was served upon the defendant in person at 11:15 o'clock May 12,

1910, and returned on the same day. This is what the two motions show in regard to the matter.

We are unable to review this matter as presented. The return of the sheriff shows that service was had upon the defendant of a certified list of summoned veniremen on the 12th day of May, which was four days before he was to be tried on the 16th. If there was any other matters presented in this connection this record does not disclose same. There was no bill reserved and the grounds of the motion were not verified so far as we are informed. The venire appears to have been properly served. Supposed errors in formation of the jury should be presented by bill of exceptions.

4. There was a motion for a new trial filed on May 17, alleging that the court erred in not quashing the indictment; that the verdict is contrary to the law and the evidence; that the evidence fails to show in what manner the gun was used in producing or causing the death of deceased; because the evidence in no respect supports the verdict of murder in the first degree; because the indictment upon which defendant was tried and convicted charged him with the murder of one Alice Harrison, while every witness who testified on the trial stated that the name of the person killed was Mary Alice Harrison, and no witness testified that she was known by any name save that of Mary Alice Harrison; that defendant, when he pleaded to the indictment, was misled and did not know that in pleading to an indictment charging him with the murder of Alice Harrison he would be called upon to answer a charge of killing Mary Alice Harrison, and attaches in support of this contention the testimony taken in the examining trial; and because, lastly, there is no evidence to show that the deceased party was ever known or went by any name other than Mary Alice Harrison. The evidence adduced upon the trial is not before the court, and is not sent up in the record. We can not consider the evidence taken before an examining trial in support of any of his allegations in lieu of the evidence adduced upon the trial before the jury. The allegations in the motion for a new trial are not supported by any evidence, but simply constitute the grounds of the motion. It is a general rule that the name of the injured party must be alleged by the grand jury, if that name is known, and if not known, it should allege that fact and give as clear a description of the injured party as the facts before them will permit. Where the party injured is known by two or more names, the indictment will be sufficient if it alleges either. The evidence in support of the fact that her name was Alice Harrison may have been ample, or she may have been generally called Alice Harrison, or it may have been that she was known by the different names, Mary Alice Harrison and Alice Harrison. As the record presents this matter, we are unable to revise it intelligently, and it presents no reason why the judgment should be reversed. It may be stated, generally, without taking up

the grounds of the motion seriatim, that without the evidence before us we would be unable to review the questions presented.

5. The record shows appellant pleaded guilty; that he was admonished of the consequences as required by the statute, and that the court gave in charge the law of murder in the first and second degrees. The jury convicted of murder in the first degree, allotting appellant the death penalty. This is a serious case to the appellant. It involves his life, but the evidence is not before us, and we only pass upon the transcript as presented.

Finding no reversible error in the record, we are of opinion that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*