STATE OF IOWA, Appellant, v. JOE GOLDENBERG, Appellee.

No. 40492.

NOVEMBER 18, 1930.

*John Fletcher*, Attorney-general, *John E. Mulroney*, and *Dwight Rider*, for appellant.

*Helsell, McCall & Dolliver* and *Thomas & Loth*, for appellee.

EVANS, J.—The indictment was in full as follows:

"The grand jury of the county of Webster, in the name and by the authority of the state of Iowa, accuses Joe Goldenberg of the crime of making a *malicious threat to extort*, committed as  follows: The said Joe Goldenberg, on or about the 3rd day of January, in the year of Our Lord One Thousand Nine Hundred and Thirty, in the county and state aforesaid, did maliciously *threaten another*, with intent *to extort money*.

"John E. Mulroney,

"County Attorney, Webster County, Iowa."

A demurrer to the foregoing indictment was overruled. The grounds of the demurrer were reiterated in the motion of defendant for a directed verdict at the close of the evidence. These grounds were many, and we shall not rehearse them. The contention for the State is that the indictment conforms to all the requirements of Chapter 266, Acts of the Forty-third General Assembly. The function of this act is to dispense with some of the technical requirements of the form of indictments. It purports to shorten the form of the indictment by eliminating many details thereof hitherto requisite. The grounds of attack upon the indictment herein may be stated in the alternative:

1. That the indictment in its allegations fails to conform to the requirements of the statute now in force, in that it fails (a) to charge the crime defined by Section 13164, or any other crime, and (b) in that it fails to apprise the defendant of the *particular* crime with which he is charged, and fails to apprise him of the name of the person injured, or intended to be injured.

2. That, if such indictment is to be deemed to comply with all the requirements of Chapter 266, Acts of the Forty-third General Assembly, then such act is unconstitutional, and is in violation of Section 10, Article 1, of the Constitution of Iowa (and other sections), which requires that an indictment shall so apprise the defendant named therein.

I. Upon the record before us, we shall have no occasion to consider the constitutionality of the act in question. Upon an examination of the indictment, we find that in two important particulars it fails to charge an indictable offense, and fails to conform to the requirements of said Chapter 266.

We have set forth the indictment in full. The claim for the State is that it charges a violation of Section 13164. This section is as follows:

"13164. *Malicious Threats to Extort.* If any person, either verbally or by any written or printed communication, maliciously threaten *to accuse another of a crime or offense, or to do any injury to the person or property of another,* with intent to extort any money or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall be imprisoned in the penitentiary not more than five years or be fined not exceeding one thousand dollars, or be imprisoned in the county jail not exceeding one year, or both such fine and imprisonment."

For convenience of discussion, we have italicized certain portions of the indictment and of the statute. Attached to the indictment were minutes of testimony taken before the grand jury, and these are relied upon by the State as having a curative effect upon the deficiencies, if such, of the indictment. These minutes disclose that the defendant was a general manager of a chain store at Fort Dodge. They disclose that he caused to be mailed to some of his delinquent patrons, including one Lyle Stump, the following letter:

"People's Store
"611 Central Avenue
"Fort Dodge, Iowa

"County Attorney
"Court House.

"As per our conversation of a few days ago, I have definite word from our New York office to proceed against Mr. Lyle Stump to the full extent of the law. I want no trial to come up until after January 15th. Just keep them until that time and if any one wants bonds, make them as high as possible. So that we will not have any comebacks I am sending this party a true copy of this letter and I am giving them five days in which to either pay or make an attempt to do so. If I don't call you by the middle of the week, proceed. Rest assured that I won't accept any settlements after we go to trial and you will have another conviction to your credit. This is the written authority that you asked for.

"Yours very truly,
" (s) Joe Goldenberg."

A similar letter was sent to five patrons other than Stump. The claim of the State is that the present prosecution is predicated upon the letter sent to Stump. It will be readily observed that the foregoing letter was intended to be ingenious as a composition, and intended perhaps to convey to the mind and imagination of the recipient more than was stated therein. Whether it was sufficient in form to constitute a violation of Section 13164, we shall have no occasion to consider.

When we turn to the indictment, it will be noted that the crime charged, is stated therein as "a malicious threat to extort." This is followed by the charge that the defendant "did maliciously threaten another, with intent to extort money." The first defect urged upon our attention is that the indictment charged the defendant with maliciously threatening *another*. It does not charge him with threatening Stump, nor with threatening any other named person. Under these terms of the indictment, if held sufficient, the defendant could have been prosecuted for any one of six separate offenses. The response of the State is that the indictment conforms at this point to the terms of the statute itself. It justifies its use of the word "another" and its omission of the name of Stump, on the ground that the word "another"

is taken from the statute; whereas the name of Stump does not appear in the statute. It claims that Chapter 266, Acts of the Forty-third General Assembly, permits the indictment to define the offense in the terms of the violated statute.

Fortunately, the new statute will not fairly bear such an interpretation. The new statute is lengthy, and gives many illustrations of its application to the concrete case. In every instance where it applies the hypothetical indictment for a crime against a person, it includes the name of the person intended to be injured. Pursuant, therefore, to said Chapter 266, it was clearly incumbent upon the State to define the offense charged as one committed against a person named therein. If the intent was to predicate prosecution upon the letter sent to Stump, the name of Stump should have appeared in the indictment as the person intended to be injured.

II. The further objection urged to the indictment is that it fails wholly to define or charge the crime defined in Section 13164. It will be noted that the malicious threat defined therein  must be such as "to accuse another of a crime or offense, or to do any injury to the person or property of another." These quoted words are of the very essence of the offense defined in such section. They are wholly omitted from the indictment. The indictment simply charged that the defendant "did maliciously threaten another." What was the threat? If the defendant had threatened another to slap him, or threatened to sue him, or threatened to divulge a secret, or to discharge him, or to supplant him in his employment, the terms of the indictment would comprehend them all. It was essential to a good indictment that it should charge that the defendant had maliciously threatened to accuse of a crime, etc. It must be held, therefore, that the indictment failed to charge the offense even in the terms of the statute, and was fatally defective for that reason.

The importance of these omissions is somewhat illustrated in another branch of the brief for the State. Much forceful argument is contained therein on the subject of the sufficiency of the evidence to go to the jury. The argument is concentrated upon the proposition that the implied threat of arrest deducible from the letter was a threat to commit injury to the person of

the threatened party, and that this was sufficient to constitute a violation of the statute, even though the accusation failed to specify any crime as against the threatened party. The complete answer to this argument is that the indictment wholly failed to charge that any injury to the person was threatened.

In view of the foregoing, we need not further pursue the extensive arguments on other questions presented to us. The motion for a directed verdict was properly sustained on the grounds here indicated.

The judgment is, accordingly,—*Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.