(134 So. 751)

**BURAS et al. v. MACHELLA et al.**

No. 29627.

April 27, 1931.

Oliver S. Livaudais, of New Orleans, for appellants.

L. H. Perez, of New Orleans, for appellees.

## LAND, J.

The plaintiffs, Joseph H. Buras and Warren Edgecombe, leased from Mato Machella, Sr., the exclusive trapping privileges for the season 1927–28 on 600 acres of land, situated in the parish of Plaquemines, and fully described in plaintiffs' petition.

Plaintiffs allege a conspiracy between the defendants John Machella, Mato Machella, Jr., Louis Capiello, and John Capiello to obtain an injunction to prevent plaintiffs from beginning to trap on the leased premises on the opening day of the trapping season, November 20, 1927, and thereby to enable defendants, pending the trial of the injunction suit, to trap and remove the fur-bearing animals from the property leased by plaintiffs.

Plaintiffs further allege that two of the defendants, in furtherance of this conspiracy, did file suit in the district court for the parish of Plaquemines, and did obtain a temporary restraining order prohibiting plaintiffs from entering upon the leased premises, upon the two defendants furnishing bond in the sum of $500, which was signed by Marine Gerica, brother-in-law of defendants.

That, on the trial of the rule nisi, a preliminary injunction was refused and the suit was dismissed.

That, notwithstanding the dismissal of the suit, all of the defendants continued to remain on the property leased by plaintiffs, setting their traps thereon and removing the fur-bearing animals therefrom.

That plaintiffs finally were compelled to obtain a preliminary injunction against defendants, restraining them from trespassing upon the rights of plaintiffs.

Plaintiffs allege that from November 20, 1927, to January 20, 1928, defendants removed from the property leased by plaintiffs 7,000 muskrat furs of the value of $1 each, and that, if plaintiffs had not been interfered with by defendants, plaintiffs would have captured and removed from the leased premises 3,000 additional furs, of the value of $1 each.

Plaintiffs further allege: That, besides, petitioners were put to the expense of employing an attorney and paying attorney's fees to defend the suit for an injunction brought against them by said defendants, as above set forth, for which they were compelled to pay the sum of four hundred ($400.00) dollars."

"That Marine Gerica, who signed the injunction bond up to the sum of $500.00 in the suit above described, is liable jointly, sever-

ally and in solido with said defendants up to the said sum of $500. for the damages herein claimed.

"Wherefore, petitioners pray that the said defendants be duly cited to answer this petition, and, after due proceedings had, that there be judgment in favor of your petitioners, Joseph H. Buras and Warren Edgecombe and against defendants, John Machella, Mato Machella, Jr., Louis Capiello and Joseph Capiello, in the full sum of $10,400., together with legal interest from judicial demand and all costs of these proceedings; and that there be further judgment confirming said judgment *and making the same executory against the said Marine Gerica, jointly, severally and in solido with the said defendants up to the sum of $500."* (Italics ours.)

Defendants filed in the lower court exceptions of misjoinder and of no right or cause of action. From a judgment maintaining these exceptions and dismissing plaintiffs' suit, they have appealed.

■ 1. Plaintiffs have clearly alleged · that defendants, except Marine Gerica, formed a conspiracy to trespass upon plaintiffs' rights, and actually entered upon the premises leased by plaintiffs and removed therefrom, without lawful right or authority, the furs of a large number of captured fur-bearing animals, valued at $7,000. Under these allegations, taken as true, all of the defendants, except Marine Gerica, are cotrespassers and joint tort-feasors, and their liability is fixed by article 2324 of the Civil Code. This article declares that: "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

Accordingly, this court said in Rush v. Town of Farmerville, 156 La. 857, 858, 101

So. 243, 247: "The conspiracy having been sufficiently established, the act done by one in furtherance of the unlawful design is, in law, the act of all. State v. Griffin, 48 La. Ann. 1409, 20 So. 905. When a tort is perpetrated through the instrumentality of a combination or conspiracy, the party wronged and injured may look beyond the actual participants in committing the injury, and join with them, as defendants, all who co-operated in, advised, or assisted in the accomplishment of the common design, for cotrespassers are bound in solido. Kernan v. Humble, 51 La. Ann. 389, 25 So. 431."

■ 2. The allegation as to the liability of Marine Gerica to plaintiffs is that he signed as surety the bond of $500, furnished by two of the defendants John Machella and Mato Machella, Jr., when they obtained a temporary restraining order against plaintiffs, and that, on the trial of the rule nisi, a preliminary injunction was refused and the suit of these two defendants was dismissed.

The restraining order was dissolved as having wrongfully issued, and, necessarily, the two defendants, principals on the bond of $500, and their surety, Marine Gerica, were liable for such damages as may have been sustained by the illegal issuance of that order, including special damages as attorney's fees for the dissolution of the writ. Code Prac. art. 304.

■■ 3. Plaintiffs' main cause of action is in tort, and consists of the alleged conspiracy of the four defendants, John Machella, Mato Machella, Jr., Louis Capiello, and John Capiello, in entering upon the leased premises of plaintiffs and in removing 7,000 furs from fur-bearing animals captured thereon.

Plaintiffs' secondary cause of action is against two of the defendants, as principals, and against Marine Gerica, as surety on the

bond for $500, executed for the restraining order, under the allegation that this order wrongfully issued. The injunction suit brought by the two defendants, John Machella, and Mato Machella, Jr., against plaintiffs is but a part of the entire conspiracy alleged. The only connection with this conspiracy, in so far as Marine Gerica is concerned, is the allegation that he signed the bond for the restraining order as surety.

It is clear, therefore, that the main cause of action of plaintiffs is ex delicto, and that their secondary cause of action is ex contractu.

4. It is also evident that defendants have a common interest in defeating plaintiffs' claim for damages, which includes special damages as attorney's fees in the sum of $400, for the dissolution of the restraining order.

As defendants have a common interest to be adjudicated upon in one judgment, they are without right to object to a cumulation against them of several distinct causes of action cognate in origin. A. Riggs & Bro. v. Bell, 39 La. Ann. 1030, 3 So. 183; Waldo v. Angomar, 12 La. Ann. 74; La Groue v. City of New Orleans, 114 La. 256, 38 So. 160.

In A. Riggs & Bro. v. Bell, 39 La. Ann. 1030, 3 So. 183, above cited, it was held, as stated in the syllabus, that: "In a suit in damages for the wrongful obtention of an injunction, the plaintiffs in injunction, the sureties on the bond and an alleged instigator or fomenter of the proceeding, though sued, some ex contractu and others ex delicto, may be joined as defendants in the same suit, reserving their right of severance in their defenses."

In Brown v. Guarantee Trust & S. D. Co., 128 U. S. 403, 9 S. Ct. 127, 130, 32 L. Ed. 468, it is said that: "It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it will be sufficient if each party has an interest in some material matters in the suit, and they are connected with the others."

Defendants come clearly within the rule above announced, if we accept the allegations of the petition as true.

5. The mere fact that plaintiffs have prayed for judgment against the surety in this case up to $500, the full amount of the bond for the restraining order, while their prayer against the other two defendants, principals on the bond, is only for $400, as attorney's fees, does not, in our opinion, affect the situation in the least, in so far as the allegations necessary to constitute a right or cause of action against the surety is concerned.

6. It is averred that the main defendants reside within the jurisdiction of the trial court. As these defendants are alleged to by joint tort-feasors, they are debtors in solido, and may be joined as defendants in the present suit. Kernan v. Humble, 51 La. Ann. 408, 25 So. 431; Cooper v. Cappel, 29 La. Ann. 213; Dickson v. Dickson, 33 La. Ann. 1261.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that the exceptions of misjoinder and of no right or cause of action be overruled; that this case be remanded to the court below, be reinstated on its docket, and be proceeded with in due course; and that defendants pay the costs of appeal.