199 So. 402

**In re CUMMINGS et al.**

**No. 34859.**

Dec. 2, 1940.

Frank W. Hart, of New Orleans, Charles A. McCoy, of Lake Charles, E. A. Conway, Jr., of Baton Rouge, Hollingsworth B. Barret, of Shreveport, and Benjamin Y. Wolf, of New Orleans, Committee on Ethics and Grievances.

LAND, Justice.

This is a disbarment proceeding in which the defendants are charged with conspiracy by the Board of Governors of the State Bar of Louisiana to frustrate the conduct by the Board of proper and honest examination of certain applicants for admission to the bar at the written examinations conducted in the hall of the House of Representatives in the State Capitol at Baton Rouge, beginning on Monday, March 7, 1938, and continuing for a period of three days.

Each of the defendants was personally cited and has filed an answer to the petition for disbarment.

In addition to the answer filed by George C. Cummings, this defendant has filed an exception of no right or cause of action, and a motion to grant him a severance from the other defendant in the trial of the case.

This exception and motion are the only matters now before the court for consideration.

The defendant, Cummings, has filed no brief in this case, nor made an appear-

ance here to argue the exception of no right or cause of action. The court therefore is not advised as to the ground, or grounds, upon which the exception of no right or cause of action is based, and cannot intelligently pass upon the exception. For this reason the exception must be overruled.

■ It is also our opinion that the motion for severance should be overruled.

In A. Riggs & Bro. v. Mrs. Jesse K. Bell, 39 La.Ann. 1030, at page 1031, 3 So. 183, at page 184, it is said by Chief Justice Bermudez, as the organ of the court:

"The defendants' sureties have a right to sever in the defense, but this they are not bound to do. This right has been more than once recognized. Arrowsmith v. Mayor, 17 La. [419] 421; Holzab v. [New Orleans & C.] Railroad Co., 38 La.Ann. [185] 187 [58 Am.Rep. 177]; but this is no reason why they cannot be brought in together to defend the suit, *where the causes have a cognate origin,* and they have *a common interest* to be adjudicated upon.

"The law abhors a multiplicity of actions, and favors the institution of suits against all defendants who may be liable *for the same original cause,* and who may have *a like interest to resist a plaintiff.*

"Interest reipublicæ ut sit finis litium." (Italics ours.)

It is apparent that, if the defendants are collectively and separately liable to disbarment, it is for causes which have *a primitive source,* the alleged conspiracy to frustrate conduct by the Board of a proper and honest examination of certain applicants for admission to the bar. The defendants, collectively and individually, have a decided interest in defeating the Board's suit for disbarment for, if they succeed in their defense, they will have shielded themselves from all future molestation.

The exception of no right or cause of action and the motion for severance, filed by the defendant, George C. Cummings, are overruled.

O'NIELL, C. J., does not take part.