## STATE v. WILSON et al.

No. 6599. Decided December 13, 1943. (143 P. 2d 907.)

*Gaylen S. Young,* of Salt Lake City, for appellants.

*Grover A. Giles,* Atty. Gen., and *Herber F. Smart,* Deputy Atty. Gen., for respondent.

LARSON, Justice.

Defendants were convicted of assault with a deadly weapon, in the District Court of Iron County, and appeal.

Before pleading in the District Court, defendants moved to quash the information, alleging certain irregularities in the conduct of the preliminary examination, and also "that said purported complaint * * * did not in other material respects conform to the requirements of the laws of Utah concerning criminal complaints." The District Court denied the motion to quash and this refusal is defendants' first assignment of error.

Sec. 105-11-1, U. C. A. 1943, dealing with the contents of criminal complaints provides:

"The complaint must state:

"(1)   The name of the person accused, if known; or if not known and it is so stated, he may be designated by any other name.

*      *      *      *      *

"(5)   The person against whom or against whose property the offense was committed, if known.*   *   *"

The charging portion of the complaint herein reads:

"That he did then and there willfully and unlawfully commit an assault upon the person of another with a deadly weapon."

Defendants urge that the complaint is insufficient for failure to name the person assaulted.

The latest expression of this court upon the necessity of pleading the name of the person injured by criminal conduct is in *State* v. *Crank & Chief*, 105 Utah 332, 142 P. 2d 178, 180, wherein it was said:

"If the name of the victim is known it should be alleged. If unknown, is should be alleged that the victim was a human being, or words of equal import, whose name was to the accuser unknown. *   *   *   There must, however, be some facts then supplied to identify the victim, to enable the defendant to prepare his defense, and to identify the crime, for the protection of defendant, in case defendant is acquitted, or placed in jeopardy and again charged with the same offense. Under the short form pleading, however, these facts need not be alleged in the information. They are to be supplied by the Bill of Particulars, if defendant desires to have them."

There the court was dealing with a complaint and information which merely alleged murder of a human being name unknown, but the rule was recognized that the name must be alleged, if known. And in *State* v. *Jessup*, 98 Utah 482, 100 P. 2d 969, the court held that motion to quash the information should have been granted. The information in that instance merely alleged that defendant cohabited with more than one person of the opposite sex, not giving

the names of the persons. In *State* v. *Leek*, 85 Utah 531, 39 P. 2d 1091, the complaint alleged a crime committed against the "Army and Navy Store," while the information alleged the offense to have been committed against the proprietors of that store, naming them. The court there recognized the rule that the complaint must state the name of the person injured by the criminal conduct, but held that the complaint sufficiently complied with that rule, and as defendant could not be misled thereby, he could not now complain. And in *State* v. *Pay*, 45 Utah 411, 146 P. 300, 304, Ann. Cas. 1916E, 173 it was said:

> "We thus start out with the proposition that under our procedure a criminal prosecution must be initiated by filing a complaint in writing which must be verified by the complainant; that such complaint, among other things, must state * * * the person against whom or against whose property the offense was committed, and a general description of the property if property is the subject of the offense."

This rule has also been recognized by other courts. In *State* v. *Meadows*, 156 Mo. 110, 56 S. W. 878, where the indictment did not sufficiently allege an assault upon the person murdered, the court held that an assault being a necessary part of the crime of murder wherein a battery occurs, the indictment was fatally defective, even though it did name the murder victim, and allege that he was murdered. And in *Dias* v. *State*, 7 Blackf. Ind., 20, 39 Am. Dec. 448, the court said:

> "The defect here complained of is, that the person murdered is not designated. This defect is believed to be fatal. The averment that the persons indicted, feloniously, and willfully, and of their malice aforethough, did kill and murder, without anything more, does not amount to any charge against them which the law can recognize."

In *Johnson* v. *State*, 60 Tex. Cr. R. 305, 131 S. W. 1085, 1087, the rule is merely stated:

> "That the name of the injured party must be alleged by the grand jury, if that name is known; and, if not known, it should allege that

fact, and give as clear a description of the injured party as the facts before them will permit." To the same effect, see also State v. Griffin, 48 La. Ann. 1409, 20 So. 905; Bohannon v. State, 14 Tex. App. 271, 299; Ogden v. State, 15 Tex. App. 454; Runyon v. State, 219 Ind. 352, 38 N. E. 2d 235; Warren on Homicide, Vol. 2, Sec. 171.

In view of the foregoing authorities, we hold that the complaint herein was fatally defective, and did not state a public offense. Therefore defendants' motion to quash the information should have been granted. As this necessitates a reversal of the case, we shall not discuss the various other errors assigned by defendants.

Case reversed and remanded for such further proceedings as authorized by law.

WOLFE, C. J., and McDONOUGH, MOFFAT and WADE, JJ., concur.