In the Matter of the Application of Norman Briggs, also known as Clayton Hollister, for a Writ of Habeas Corpus.

Norman BRIGGS, a/k/a Clayton Hollister, Petitioner,

v.

George F. WILCOX, Sheriff of Weston County, Wyoming, Defendant.

No. 3447.

Supreme Court of Wyoming.

July 22, 1965.

George A. Bangs and Robert E. Driscoll, Rapid City, S. D., Beatrice Raymond, Newcastle, for petitioner.

Thomas E. Cahill, Asst. Atty. Gen., Thomas L. Whitley, County and Pros. Atty., Newcastle, for defendant.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Norman Briggs, also known as Clayton Hollister, filed petition for writ of habeas corpus in this court wherein he alleged that he was restrained by the Weston County sheriff on an extradition warrant, which was illegal in that he had never been a fugitive from justice from New York, the demanding State; that the extradition warrant was based on two indictments, one concerning false and fraudulent claims presented to an insurance company and the other the abandonment of children in destitute circumstances; that as to the first any claims presented were without his participation when he was not present in the State of New York; and that as to the second his children were not in destitute circumstances but were adequately provided for with all the necessities of life when he left New York on July 17, 1960. He alleged further that the insurance companies concerned had made public and private representations that there was no evidence of fraud against him and that they had no intention of prosecuting charges; that with respect to the abandonment his former wife had remarried, caused the children to assume the name of her present husband, and she had made no claim or demand upon him for support. He concluded by asserting that in a prior proceeding the Honorable Rodney Guthrie, district judge, after hearing had dismissed his application for writ of habeas corpus.

Answer to the petition filed by the Sheriff of Weston County stated petitioner's arrest and custody by virtue of the Wyoming Governor's warrant of extradition, reciting the mentioned charges in New York and petitioner's being a fugitive from justice and having taken refuge in this State. The answer also told of the previous habeas corpus hearing before Judge Guthrie and attached the order which dismissed the writ in that proceeding.

■ At the time of oral argument before this court, neither party offered to adduce any evidence; and although petitioner had, prior to that time, filed here a transcript of the testimony before Judge Guthrie, the contents were not before us by stipulation or otherwise. The decision in a habeas corpus matter is not appealable. Brugneaux v. Dankowski, 51 Wyo. 103, 63 P.2d 800; Miskimins v. Shaver, 8 Wyo. 392, 58 P. 411, 49 L.R.A. 831; and the proceedings here invoke the original jurisdiction of this court under the provisions of § 1-810, W.S.1957. While it may be observed that the petitioner did not file herein "a copy of all the papers connected [with the former proceeding]" and the failure to comply with the statute is specifically disapproved and might have constituted grounds for our refusing the writ, we did allow it so that the omission is not now fatal. Moreover, there was perhaps a substantial compliance with the requirement for filing papers, especially in the light of the presentation of the transcript. In any event, the pleadings are sufficient to place the matter before us for decision.

■ Concerning the alleged crime of false and fraudulent claims, the statute mentioned in the indictment and warrant, Penal Law, § 1202, McKinney's Consol.Laws N.Y. c. 40, provides: "A person who knowing it to be such: 1. Presents, or causes to be presented, a false or fraudulent claim, or

any proof in support of such a claim, for the payment of a loss upon a contract of insurance; * * * Is punishable by imprisonment * * *." Petitioner says that two major questions are raised, (1) Was he in New York at the time of the commission of the alleged crime, and (2) Did he thereafter flee from the State so as to become a fugitive from justice? He argues that according to the evidence no crime had been committed in the State of New York on July 17, 1960, the day when he left, relying on Zulch v. Roach, 23 Wyo. 335, 151 P. 1101, for the principle that the presence of the accused in the demanding state at the time of the commission of the crime is necessary to warrant extradition and that this fact may be inquired into in habeas corpus proceedings. The principle is unimportant here because petitioner admits that he was in the demanding State at the time charged in the indictment. The matter of whether or not the crime occurred at· that time is one of trial. As noted in Strassheim v. Daily, 221 U.S. 280, 286, 31 S.Ct. 558, 55 L.Ed. 735, which we cited with approval in Zulch v. Roach, supra, "the case is not to be tried on *habeas corpus*, and * * * when * * * it appears that the prisoner was in the state in the neighborhood of the time alleged, it is enough."

Much discussion is devoted in brief and argument to the contention that petitioner is not a fugitive from justice, and various authorities are presented, all tending to define that term as one who "having committed * * * an act which by the law of the state constitutes a crime * * * afterwards has departed from its jurisdiction." Hogan v. O'Neill, 255 U.S. 52, 56, 41 S.Ct. 222, 223, 65 L.Ed. 497. In general, we would have no objection to such a definition; however, petitioner's argument is based upon the premise that no crime was committed on July 17, 1960, and as we have previously pointed out, this is a matter for trial and not for determination in the proceeding before us.

It is urged that the indictment concerning the false proof is constitutionally defective because it fails to name the person who committed the crime the petitioner is charged with causing and because it fails to name or identify the victim of such crimes. The first portion of this contention is wholly without merit since the petitioner himself is the one accused. As to the second portion, the petitioner cites the cases of United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516; United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819; and United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588, which hold that although the language of the statute may be used in the general description of an offense, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense coming under the general description with which he is charged. It should be observed that since the case of Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, this rule has been relaxed, and it has generally been held that indictments and informations couched in the language of a statute are sufficient if they apprise the defendant of the nature of the offense. United States v. Shibley, S.D.Cal., 112 F.Supp. 734, 745. Moreover, the cited cases are all instances of trial and conviction and do not relate to habeas corpus, in which field it is well settled that the sufficiency of the indictment will not be inquired into on habeas corpus and if the indictment substantially charges an offense under the laws of the demanding state although defective it is sufficient for the proceeding. Person v. Morrow, 10 Cir., 108 F.2d 838; 39 C.J.S. Habeas Corpus § 39, p. 554. The indictment charging the petitioner herein is substantially in the words of the statute prohibiting the offense charged. Some argument has been advanced here that extradition should not be allowed upon short-form indictment. No authorities are cited to support this view, it being asserted ·merely that a short-form indictment can be upheld in New York only on a mandatory bill of particulars, People v. Bogdanoff, 254 N.Y. 16, 171 N.E. 890, 69 A.L.R. 1378. It is unnecessary to discuss

this point since the indictment here was in the long rather than the short form. It may be noted in passing that both State v. Wilson, 105 Utah 516, 143 P.2d 907, and State v. Goldenberg, 211 Iowa 234, 233 N. W. 66, upon which reliance is placed by the petitioner, deal with statutes which require the name of the person against whom the offense was committed to be stated. We have carefully reviewed the cited case of Pierce v. Creecy, 210 U.S. 387, 28 S.Ct. 714, 52 L.Ed. 1113, in which the writ to extradite was unsuccessfully challenged, petitioner taking comfort from the court's statement, 28 S.Ct. at 719, that "it is obvious that an objection which, if well founded, would destroy the sufficiency of the indictment, as a criminal pleading, might conceivably go far enough to destroy also its sufficiency as a charge of crime." However, as has previously been mentioned, we do not consider that the indictment here was insufficient. Moreover, the concluding paragraph in the Pierce case is significant in the matter now before us when it is said, 28 S.Ct. at 720:

> " * * * the indictment, in order to constitute a sufficient charge of crime to warrant interstate extradition, need show no more than that the accused was substantially charged with crime. This indictment meets and surpasses that standard, and is enough. If more were required it would impose upon courts, in the trial of writs of habeas corpus, the duty of a critical examination of the laws of states with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, irritable to the just pride of the states and fruitful of miscarriages of justice. * * * "

■ The indictment concerning false and fraudulent claims sufficiently charges a crime and petitioner admits not only his identity but his presence in New York on the date charged and his surreptitious flight thereafter. The merits of the indictment must be determined on trial and not in a habeas corpus matter resisting extradition. The writ is accordingly dismissed and petitioner is remanded to the custody of the Sheriff of Weston County for delivery to the authorities of the demanding State under the Wyoming Governor's Warrant of extradition heretofore issued.

In view of our decision, it is unnecessary to discuss the circumstances relating to the abandonment indictment.

Writ dismissed and petitioner remanded.