## STATE v. ANDERSON.

No. 6300.   Decided August 12, 1941.   (116 P. 2d 398.)
Rehearing Denied November 12, 1941.

*Edward F. Richards,* of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., *Zar E. Hayes* and *A. U. Miner,* Deputy Attys. Gen., and *Brigham E. Roberts,* Dist. Atty., of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

Jess Anderson was charged by a complaint in the city court of Salt Lake City with having committed the crime of involuntary manslaughter. After a preliminary hearing he was bound over to the district court for trial. The jury found the defendant, Jess Anderson, guilty. He was sentenced to serve twelve months in the county jail of Salt Lake County.

The manslaughter charge arose by reason of an automobile accident. On the 25th of February, 1940, the automobile operated by Anderson collided with one operated by Clark Romney, at the intersection of Twenty First South and Third East Street. Romney died the same day as a result of injuries received. Anderson appeals from the judgment of conviction and from denial of his motions in arrest of judgment and for a new trial.

The charging part of the complaint alleges:

"That Jess Anderson on the 25th day of February, A. D. 1940, at the County of Salt Lake, State of Utah did commit the crime of involuntary manslaughter, as follows, to-wit: Jesse Anderson killed Clark Romney without malice contrary to the provisions of the statute of Utah * * *."

The information follows the allegations of the complaint except the word "unlawfully" is inserted, making that part of the information read:

"Jess Anderson, did unlawfully and without malice kill Clark Romney. * * *"

The uncontroverted evidence discloses that Anderson was proceeding northward on Third East. Clark Romney was traveling westward on Twenty First South, a through highway. On the southeast corner of the intersection and facing south was the usual state highway "stop" sign.

Mr. Silcox and Mr. Engstrom, two eyewitnesses, testified that they saw the two automobiles as they approached the intersection. Their testimony is that they saw Anderson enter the intersection as a speed of between 40 and 45 miles an hour. No stop was made before entering the intersection. The Anderson automobile collided with the Romney automobile a few feet north of the center of the intersection. The Romney automobile went up in the air five or six feet and rolled over twice before coming to a stop between the curb and sidewalk. Romney was thrown from the automobile and died from the injuries received.

The errors assigned are:

(1) "The complaint does not charge a crime nor does it state facts sufficient to advise the defendant of the nature and cause of the accusation against him.

(2) "The district attorney had no authority to issue an information and the court had no jurisdiction in the matter.

(3) "The information did not advise the defendant of the nature and cause of the accusation against him .

(4) "A crime charged in the conjunctive must be proved in the conjunctive.

(5) "A hypothetical question must be based on facts actually proven or on observations made by the expert himself or both.

(6) "Instructions which go beyond the evidence and pleadings are erroneous.

(7) "The court committed error in giving instructions and in its refusal to give defendant's requested instructions.

(8) "Insufficiency of evidence to support the verdict."

As heretofore stated, the evidence is uncontraverted that Anderson was traveling at an excessive rate of speed. He stated he was traveling between 35 and 40 miles as he approached Twenty First South. That he was almost to the intersection when he noticed the stop sign. That he did not know there was a stop sign until he saw it. That he applied his brakes and tried to stop but skidded into the other car. Mr. Silcox and Mr. Engstrom testified that Anderson was traveling about 40 miles an hour and between 40 and 45 miles an hour, respectively. Mr. Taylor, whom it was attempted to qualify as an expert, testified that from his deductions made, the Anderson car was traveling 59 miles per hour. The testimony of the expert is not necessary to the determination of the case, as there is sufficient uncontraverted evidence to show that Anderson was traveling too fast. The jury could not have made any other finding. Nothing is suggested to excuse him for having committed the unlawful acts in violation of the statute.

This court held in the recently decided case of State v. Hill, 100 Utah 456, 116 P. 2d 392, that the short form of information provided for by the reformed procedure adopted by the legislature in 1935, Chapter

118, Laws of Utah, 1935, Section 105-21-8, met the requirements of the constitutional limitations. Article 1, Section 12, Constitution of the State of Utah.

The first question to be resolved is: Does the information in the instant case meet the statutory requirements of Section 105-21-8, supra. Section 105-21-8, supra, provides:

"(1) The information or indictment may charge, and is valid and sufficient if it charges the offense for which the defendant is being prosecuted in one or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The information or indictment may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such information or indictment regard shall be had to such reference."

The name given to the offense, by the statute, herein charged is defined in Section 103-28-5, Revised Statutes of Utah, 1933, and reads:

"Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: (1) Voluntary, upon a sudden quarrel or in the heat of passion. (2) Involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death, in an unlawful manner or without due caution and circumspection."

The complaint met the requirements of subsection (1) (a) of Section 105-21-8, supra, and the name given to the offense charged is defined as required in Section 103-28-5(2).

The question is raised that the exact form used does not comply with Section 105-21-47, Chapter 118, supra, which provides, inter alia:

"The following *forms may be used* in the cases in which they are applicable: \* \* \*

"Manslaughter—A. B. unlawfully killed C. D." (Italics supplied.)

In the complaint in the instant case, the word "unlawfully" was omitted. This omission is supplied by the allegation that the act was contrary to the statute. It is further provided in Section 105-21-19, Chapter 118, supra, inter alia:

"(1) *An information* or indictment *need not allege that the offense was committed* or the act done 'feloniously' or 'traitorously' or '*unlawfully*' or 'with force and arms' or 'with a strong hand,' nor need it use any phrase of like kind otherwise to characterize the offense, nor need it allege that the offense was committed or the act done 'burglariously,' 'willfully,' 'knowingly,' 'maliciously,' or 'negligently,' nor need it otherwise characterize the manner of the commission of the offense *unless such characterization is necessary to charge the offense under section 105-21-8.*" (Italics supplied.)

It is noted that under Section 105-21-8, supra, the information is sufficient if it charges the offense for which the defendant is being prosecuted by using the name given to the offense by statute. The constitution prescribes no form nor required allegations for an information or indictment, but does give to a defendant accused of a crime the right to demand the nature and cause of the accusation against him. Upon his demand, this information must be furnished a defendant advising him of the nature and cause of the accusation. A method of doing so by a bill of particulars is provided by statute.

Having determined the complaint and information sufficient, the preliminary hearing afforded Anderson was proper, the district attorney had authority to issue the information and the court had jurisdiction of the cause. The information, with the bill of particulars furnished to him, advised the defendant of the nature and cause of the accusation against him. *State* v. *Hill,* supra.

The alleged error that the crime was charged in the conjunctive and must be proven in the conjunctive as here applied seems specious. The unlawful acts of driving at a

speed in excess of forty miles an hour, which speed was dangerous and excessive, and that Anderson did not stop at a stop sign, were charged. In the case of *State* v. *Rasmussen*, 92 Utah 357, 68 P. 2d 176, this court determined that where allegations are made in the conjunctive the jury, under proper instructions, may find that any one act or combination of acts was the cause of the injury. In the case at bar, the unlawful acts charged were uncontroverted.

Under the involuntary manslaughter statute it is difficult to separate sharply an unlawful act not amounting to a felony from a lawful act done without due caution and circumspection or in an unlawful manner. There must be found some unlawful act either because of the unlawfulness itself or because of the manner of doing the act. On occasions both elements may be present, and sometimes there is an overlapping. An act prohibited by law and made illegal regardless of the way it is performed is an unlawful act. An act which is not in itself illegal, but may be lawful, but which in a given case becomes illegal because of the manner or way in which it is performed, is a lawful act done in an unlawful manner and therefore becomes unlawful.

The pleadings, that is, the information, the bill of particulars, the plea, form the issues and limit the accusation to the matters therein alleged and denied. Appellant assigns the general proposition that "instructions which go beyond the evidence and pleadings are erroneous." As a general statement of the law it is correct. In the instant case the instructions contained statements of the law not applicable to the evidence submitted. An examination of the instructions discloses much that might properly have been omitted and some that clearly should have been amended. In view of the issues being limited as they were and the evidence so closely confined to those issues, we are of the opinion the jury could not have been misled by the extraneous matter in the instructions. Instructions of the

court should be limited to the matters in issue and the evidence pertinent to those issues. We cannot approve the instructions as to matters outside the issue pleaded and presented by the evidence. We need not enter into a discussion of the matters. It would add much detail to do so and might not be helpful. The instructions objectionable as they are nevertheless covered the issues and the evidence. Under the evidence the jury were justified in finding the verdict of guilty. The objectionable instructions given or those requested and refused could not as we view the matter have changed the result.

Judgment affirmed.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice (concurring in the result).

I concur.

The opinion states:

"Under the involuntary manslaughter statute it is difficult to separate sharply an unlawful act not amounting to a felony from a lawful act done without due caution and circumspection or in an unlawful manner. There must be found some unlawful act either because of the unlawfulness itself or because of the manner of doing the act. On occasions both elements may be present, and sometimes there is an overlapping. An act prohibited by law and made illegal regardless of the way it is performed is an unlawful act. An act which is not in itself illegal, but may be lawful, but which in a given case becomes illegal because of the manner or way in which it is performed is a lawful act done in an unlawful manner and therefore becomes unlawful."

The difficulties mentioned by the opinion are indeed real and are further complicated by the requirement presented by Sec. 103-1-19, R. S. U. 1933, which reads as follows:

"In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence."

Many acts of negligence may be in a sense unlawful without involving intent to commit a crime or even intent to

commit the act which results in a crime, or without involving criminal negligence. When we attempt to apply the manslaughter statute (Sec. 103-28-5, R. S. U. 1933), with the "due care" requirement in driving an automobile as laid down in Sec. 57-7-16, R. S. U. 1933, as amended, together with the necessary element of criminal negligence, the task of fitting them together and unifying them is difficult. However, in the case of *State* v. *Lingman,* 97 Utah 180, 91 P. 2d 457, which the prevailing opinion does not cite, this court attempted to meet that challenge. I place my concurrence largely on what was said in that case.