## STATE v. SPENCER.

No. 6223. Decided February 10, 1942. (121 P. 2d 912.)

See 27 Am. Jur., 665, 666; 31 C. J. Indictments and Informations, sec. 310.

*Harley W. Gustin,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., and *Calvin Rampton* and *Zar E. Hayes,* Deputy Attys. Gen., for respondent.

PRATT, Justice.

In its petition for rehearing respondent assigns, among others, the following reason for granting a rehearing:

"1. The court erred in holding and deciding that there is no longer a crime of perjury in the State of Utah."

That statement does an injustice to the decision. The decision is one upon a question of what constitutes proper pleading under our reformed code of criminal procedure, Chapter 118, Laws of Utah 1935; not one upon amendments to our penal code.

The issues established by an information or a complaint and the plea of not guilty thereto constitute the foundation of each criminal trial. Upon those issues the relevancy of the proffered evidence is determined, such for instance as the question of the relevancy of the facts, ultimate or probative, set out in the bill of particulars. Un- ██ ██ section 105-21-10, Chapter 118, Laws of Utah 1935 (our new code of criminal procedure), those issues are used to determine the sufficiency or the consistency of the particulars outlined in the bill of particulars. In the recent case of *State* v. *Hill,* 100 Utah 456, 116 P. 2d 392, 397, we said:

"It is elemental that where a bill of particulars is furnished it may not set out a different crime than that charged in the information."

If, then, the information is indefinite as to the offense charged it is of no help in deciding those questions of the relevancy of evidence, or those questions of the application of Section 105-21-10, supra.

Our penal code defines certain offenses in general terms: Murder, section 103-28-1; manslaughter, 103-28-5; larceny, 103-36-1; perjury, section 2, Chapter 134, Laws of Utah

1937—there may be others. Under each are set out, either as degrees of the general class or designated by individual names, the offenses to which specific penalties are attached, the penalties being graded in severity according to the seriousness of the particular degree. Assume that I am bound over to stand trial for murder in the second degree. The district attorney, files against me an information charging as follows: E. P. murdered C. D. (see form "murder," section 105-21-47, Chapter 118, Laws of Utah 1935). Assume that upon the face of that information there are no words limiting "murdered" to either degree. At my trial the prosecution offers evidence of murder in the first degree. I object upon the ground that the offense with which I am charged is murder in the second degree. But the issue established by my plea of not guilty to the charge in that information is not limited to either degree, and is broad enough to include both. The allegations of that information are of no aid to a solution of the question raised by my objection. No particular offense has been charged against me. There is no punishment for merely the general definition of murder. An accused is not found guilty of a class of offenses, but of one of the class (see section 105-25-9,. Chapter 122, Laws of Utah 1935, hereinafter discussed). This Spencer case parallels my illustration, substituting the offense of perjury for that of murder.

Another illustration: Assume I am charged in a complaint as follows: E. P. stole from C. D. a dog (see form, "Larceny," section 105-21-47 cited above). The complaint is filed before a Justice of the Peace. This official, as we all know, is also a magistrate (section 105-10-5, R. S. U. 1933). Query: Am I to be tried before him for a misdemeanor (petit larceny) or am I to have a preliminary hearing before him for a felony (grand larceny)? The issue established by my plea of not guilty to that complaint is broad enough to cover both, but indefinite as to which is intended. Hereafter I shall mention the possibility of treating the form for larceny as intended as a form for grand larceny.

In the decision in the recent case of *State* v. *Hartman,* 101 Utah 298, 119 P. 2d 112, rendered since the decision in this Spencer case, this court upheld an information charging an offense as follows:

"The Defendants, Roy Hartman and Orson Blyle * * * are accused by * * * District Attorney of the Third Judicial District State of Utah, by this Information, of the crime of Grand Larceny, committed as follows, to wit:

"That the said Roy Hartman and Orson Blyle on the 16th day of May, A. D., 1940, at the County of Salt Lake, State of Utah, stole from the Ward Chapel of the Stratford Corporation of the Church of Jesus Christ of Latter Day Saints, one rug: * * *."

Here the allegation as to what defendants did is general as to larceny, but it is preceded by the statement that the offense is that of "Grand Larceny." The scope of the trial is limited by those words to the maximum degree of larceny —is limited to an offense for which a penalty is provided. Had the value of the rug been stated instead, the degree of the offense would likewise have been indicated. The information is definite. Had the designation of the offense been merely "larceny," then it would have been similar to this Spencer case and the writer would have voted against supporting the information.

Query: May the bill of particulars be relied upon for determination of the degree when the information charges the offense by the general definition or general name only? In *State* v. *Solomon,* 93 Utah 70, 71 P. 2d 104, and *State* v. *Jessup,* 98 Utah 482, 100 P. 2d 969, we indicated that the bill was not part of the information and could not be used to supply a fatal defect in the latter instrument. But there are other reasons. Section 105-21-10, Chapter 118, Laws of Utah 1935, is inconsistent with the thought that the bill of particulars may supply such a defect. To illustrate: Assume an accused is bound over to stand trial for murder in the first degree. The information filed charges the offense by general definition, to wit, murder—no degree is mentioned. A bill of particulars is furn-

ished. Inadvertently the prosecution omits some of the facts which it believes will support first degree murder. This results in the bill supporting only murder in the second degree. The accused moves to quash the information on the ground that the facts set out are not sufficient to support murder in the first degree. The prosecution, discovering the error, moves for permission to include the additional facts, contending that they have charged the greater offense. Section 105-21-10, supra, requires a comparison of the bill with the information to determine the sufficiency of the former. Such a comparison in this assumed case is of no aid to a solution of these motions. The information, if good at all, is good for either degree of the offense, but which one is intended is not indicated.

The information or the complaint as the case may be, should stand upon its own feet. Until a particular offense, as distinguished from the general definition of the class of offenses, is charged, the accused should be under no obligation to demand a bill of particulars at the risk of waiving some of his rights by failure to make such a demand. Incidentally, if the bill of particulars was contemplated as the means of supplying elementary defects in the information, then of what use are sections 105-21-12 to 16, both inclusive, Chapter 118, Laws of Utah 1935? These sections cover matters of time, place, value or price, and ownership. This brings me to a discussion of certain sections of this new code upon which respondent seems to place considerable reliance.

Under the old form of pleading, facts were alleged directed to the particular degree of the offense, whether named as a degree or by an individual name. The objection to the old form of pleading was its verbosity and complexity. See the quotations in *State* v. *Hill,* supra. To avoid such pleading, the legislature adopted the simple form of pleading of Chapter 118, supra.

In adopting that chapter, however, the legislature had no intention of permitting the prosecution to jeopardize

the accused's rights by evasiveness nor vacillation. The accused is an innocent man. His prosecution—and the prosecutor—should be impartial. It is as much the duty of the prosecution to recognize his innocence as it is to accomplish a conviction, if the facts justify it. The code of criminal procedure is not intended as a substitute for insufficient facts.

Section 105-21-8 of Chapter 118 permits charging the offense by name, by definition, or by section or subsection number. These methods of pleading may be accomplished by referring to the offense by the name given to the degree, by defining the degree of the offense, or by referring to the section and subsection number of the degree of the offense. For all practical purposes it is no more verbose nor complex to refer to the offense as murder in the second degree than to say merely murder—the former has the advantage of being definite in substance and as to penalty.

Section 105-21-47 of Chapter 118 sets out certain forms to be used "in cases in which they are applicable." For some reason this section seems to appeal to the prosecution as the last word in streamlined pleading. "Applicable" under such a view of the section becomes nothing more than the mere pairing of offenses with appropriately named forms. What about the form for kidnapping? It reads: "A. B. kidnapped C. D."; yet in 1935 when this new code was adopted, our penal code did not have the offense of kidnapping defined generally. The definitions of that offense are limited to degrees of the offense. See Chapter 84, Laws of Utah 1933, which amends section 103-33-1, R. S. U. 1933. Arson and burglary have forms covering degrees only, section 105-21-47, supra. These offenses are defined in the penal code by degrees only. No form is given for burglary in the third degree. Presumably the form for second degree burglary should be used with modification to suit third degree. If the use of the word "horse" in the form for larceny indicates that grand larceny was intended (section 103-36-4(3), R. S. U. 1933),

then the penal code must be looked to in order to construct a form for petit larceny. Are the forms given in section 105-21-47 to be used blindly, or are they to be used with modification or limitation as our penal code or the rights of the accused may require? The latter seems the 'sensible conclusion to reach. Again I invite attention to sections 105-21-12 to 16, inclusive. These sections imply the use of more particularity than is required by the forms found in section 105-21-47. I am of the opinion that these forms are merely exemplary, and are not intended as sufficient if they do not include the elements or the name of the particular offense defined in the penal code for which a penalty is provided.

In *State* v. *Hill,* supra, and *State* v. *Anderson,* 100 Utah 468, 116 P. 2d 398, this court upheld the constitutionality of the short form of pleading, but in the Hill case it specifically reserved the question of the sufficiency of these forms. The Anderson case is another case like the Hartman case, supra. The prosecution there does not reply upon the general definition of the offense, but characterizes it by its degree. It was "involuntary manslaughter" in the Anderson case, not just manslaughter; whereas the form for the offense in section 105-21-47 merely defines manslaughter generally.

Section 105-21-38 of Chapter 118 reads as follows:

"In an information or indictment for an offense which is divided into degrees it is sufficient to charge that the defendant committed the offense without specifying the degree."

In 27 Am. Jur. 665 at page 666, section 105, there is a brief discussion of such sections as this. Reference is made to the case of *State* v. *Roy,* 40 N. M. 397, 60 P. 2d 646, 658, 110 A. L. R. 1. In New Mexico the information and the bill of particulars are considered together to determine the offense charged. In this cited case the offense charged is murder in the first degree. Speaking of

a section of their rules of practice similar to the section of our code quoted above, the court said:

"We have held that the charge of first-degree murder includes second-degree murder and voluntary manslaughter. * * * Under the present practice an information in one count charging murder in the first degree includes therein murder in the second degree and voluntary manslaughter."

Such a statement does not answer the question of how to charge only the lesser degree in an information—may it be charged simply as murder, or should it be charged as murder in the second degree? If the former is to be the interpretation, then one is met with the uncertainties and indefiniteness I have illustrated and discussed in this opinion; not to mention the grave question of whether or not section 105-21-38 quoted above does away with due process for the accused. I have in mind the principles applied in cases where state legislatures sought to eliminate the necessity of supporting enhanced penalties by pleading, and which efforts of the legislatures have been held unconstitutional. One of those cases from Massachusetts [*Com.* v. *Harrington,* 130 Mass. 35] is cited in the anotation to 58 A. L. R. 20, at page 67. This section 105-21-38 should be limited to the meaning given to it by the New Mexican court—that when the greater offense is charged it includes the lesser without specific allegation of the latter.

The penalty attached to an offense is of importance to the accused. It may mean the difference between prison and jail for him; it may mean the difference between a felony and a misdemeanor; or it may determine his right to bail (105-44-3 and 4, R. S. U. 1933). In cases calling for enhanced penalties for habitual criminals the authorities uphold the necessity of pleading to support the additional penalty. 25 Am. Jur. 273 section 26; 14 R. C. L. 190 section 366; and the annotations in 58 A. L. R. 20, at page 64; 82 A. L. R. 366, and 116 A. L. R. 229. In the forms of 105-21-47, supra, is one for habitual criminals, setting out plead-

ing of the previous conviction. The accused is as much in-terested in the initial penalty as he is in an enhanced penalty. It would seem, then, that if the enhanced penalty must be supported by a pleading indicating that such a penalty is in order in a particular case, the initial penalty should also be so supported. But it is not so supported if the accused is unable to determine from the information or the complaint which penalty is applicable to the case.

Respondent cites section 105-25-9, Chapter 122, ■ Laws of Utah 1935. It reads:

"Where an information or indictment charged an offense which is divided into degrees without specifying the degree, if the defendant pleads guilty generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty."

This section is not evidence that the legislature thought the degree of crime was only material when it came time to impose sentence. The section provides that before the plea is accepted—not before penalties are imposed—the degree of the offense must be determined. It is a strange thought, indeed, that an information charging an offense by general definition is not sufficient to support a plea of guilty where there is no controversy between the parties, and yet, that same information is sufficient to support a plea of not guilty where there is a controversy between the parties, which controversy may raise many questions the solution of which depends upon the degree of the offense intended to be charged. It is not sufficient to answer that section 105-25-9, supra, was passed to prevent an accused from being placed twice in jeopardy for the same offense. The accused is as greatly concerned about his life or liberty being jeopardized once as he is about the possibility of a second attempt to charge him with that same offense. This section is rather strong evidence that in the eyes of the legislature pleading by general definition was not considered

sufficient foundation for a trial and conviction of an accused.

In conclusion I quote from the prevailing opinion in *People* v. *Bogdanoff*, 254 N. Y. 16, 171 N. E. 890, 895, 69 A. L. R. 1378, cited in the case of *State* v. *Hill*, supra, upholding the short form of pleading:

"The new forms may at times prove unwise. Doubtless if district attorneys insist upon using the form employed here, they will at times be unable to meet a challenge to the sufficiency of the description of a crime. Extraneous evidence may still leave uncertain at times whether an indictment for 'murder' or 'larceny' covers one crime or several. The evidence presented to the grand jury might cover several connected homicides or a series of defalcations with nothing to demonstrate which crime of the series was intended to be the subject of the charge. Then the courts will be compelled to discharge the accused. Too often the courts are called upon to point out that innovation does not necessarily imply improvement. With equal ease and with greater certainty the district attorney might have used, if he had chosen, a more precise form of indictment not subject to any possible claim that the indictment did not describe the same crime covered by the bill of particulars. There must in every case be identity of accusation, and the indictment must describe the crime upon which the accused is held."

For the reasons given I am of the opinion that the petition for rehearing in this case should be denied.

MOFFAT, C. J., and LARSON, J., concur.

WOLFE and McDONOUGH, JJ., dissent from the order denying rehearing.