## STATE v. AVERY.

No. 6364.   Decided May 8, 1942.   (125 P. 2d 803.)

See 26 Am. Jur., 326; 31 C. J., Indictments and Information, sec. 170.

*Joseph E. Evans* and *Richard J. Lathrop,* both of Ogden, for appellant.

*John A. Hendricks,* of Ogden, *Grover A. Giles,* Atty. Gen., and *Calvin L. Rampton,* Deputy Atty. Gen., for respondent.

KELLER, District Judge.

Walter Robert Avery, the appellant, was convicted in the District Court of Weber County of murder in the first degree for the killing of Hoyt L. Gates, a police officer, on February 11, 1941. According to the uncontradicted evidence of the state, the appellant was engaged in the furtherance of an armed robbery of a grocery store in Ogden, Utah, at the time of the slaying. In the course of the robbery, Officer Gates was summoned to the scene by telephone. He was but a short distance inside the store when appellant commenced firing at him; one of the bullets from appellant's weapon severed a large blood vessel in the abdomen of the deceased and he died from internal bleeding within a very few minutes. Appellant was taken into custody by other officers at the scene of the shooting, and, on March 12, 1941, a jury returned a verdict finding appellant guilty of murder in the first degree as charged in the information, which is as follows:

"Information No. 4018. Walter Robert Avery, having heretofore been duly committed by Charles G. Cowley, a committing magistrate of this County to this Court, to answer this charge, is accused by the District Attorney of this Judicial District, by this information, of the crime of Murder in the First Degree, a felony, committed as follows, to wit: The said Walter Robert Avery did murder Hoyt L. Gates on the 11th day of February, 1941, in the County of Weber, State of Utah.

"John A. Hendricks, District Attorney,
"Second Judicial District."

The appellant's specifications of error, six in number, relate to the sufficiency of the information, and may be disposed of by a determination of but two questions, viz.,

(1) Does the information comply with the requirements of the statutes of the State of Utah?

(2) Does the information conform to the requirements of the Constitution of the State of Utah?

It is convenient, in giving the answers to these questions, to have before us pertinent provisions of our Code of Criminal Procedure, and we now quote from Chapter 21, Revised Statutes of Utah 1933, as the same is amended by the Session Laws of Utah 1935, c. 118:

"105-21-1. Forms and Sufficiency of Pleadings Determined by This Code.

"The forms of pleadings in criminal actions, and the rules by which the sufficiency of such pleadings is to be determined, are those prescribed by this code."

"105-21-8. Charging the Offense.

"(1) The information or indictment may charge, and is valid and sufficient if it charges the offense for which the defendant is being prosecuted in one or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The information or indictment may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such information or indictment regard shall be had to such reference."

"105-21-47. Forms for Certain Offenses.

"The following forms may be used in the cases in which they are applicable:

\* \* \* \*

"Murder—A. B. murdered C. D."

Following the direction of 105-21-1, we conclude that the information complied with what is required by Section 105-21-8 (1) (a) by the use of the language, "is ■ accused \* \* \* of the crime of murder in the first degree," as the same is used in the information, and complies as well with the form provided by 105-21-47. Add-

ing to what is authorized by the statutory form, the accuser has also alleged the date and place of the crime.

The appellant contends, however, that under the law of this state there is no such crime as murder in the first degree. The answer to this contention is clearly given by consideration of the following statutory provisions of the Revised Statutes of Utah 1933:

Sec. 103-1-11 defining "crime"; Sec. 103-28-1 defining "murder"; Sec. 103-28-3 dividing murder into two degrees and defining each; and Sec. 103-28-4 prescribing the penalty for first and second degree murder.

The provisions of these sections are interrelated and interdependent, so to speak, and from them we may make a number of conclusions, neither of which bears out the contention of the appellant. We may logically say that murder is a crime because it is an act punishable by death, or, upon recommendation of a jury, imprisonment for life, if of the first degree; or by imprisonment for a term not less than ten years and which may be for life, if of the second degree. Or, it is equally sound to say that the three sections considered together create two crimes: Murder in the first degree, because a punishment by death or life imprisonment is provided for the killing of a human being with malice aforethought, committed under the circumstances or having the qualities of premeditation and deliberation provided in the first sentence of 103-28-3; murder in the second degree, because a punishment of imprisonment of not less than ten years and which may be for life for the killing of a human being with malice aforethought, where the circumstances of aggravation which are present in murder of the first degree are absent, and under such circumstances as would have constituted murder at common law. But whether we consider murder in the first degree as only a grade or degree of murder, or as a separate crime, it is nevertheless a crime as defined by Section 103-1-11, supra.

By the recital that the defendant was accused of murder in the first degree, the accuser made the information def-

inite and certain as to the punishment that would be demanded.

This court has given its approval to an accusation pleaded by making reference to the name assigned the crime by statute in the case of *State* v. *Anderson,* 100 Utah 468, 116 P. 2d 398, 399. In that case, the information charged as follows:

"That Jess Anderson on the 25th day of February, A. D. 1940, at the county of Salt Lake, State of Utah, did commit the crime of involuntary manslaughter, as follows, to wit: Jesse Anderson killed Clark Romney without malice contrary to the provisions of the statute of Utah * * *."

In sustaining this information, the Court said:

"It is noted that under Section 105-21-8, supra, the information is sufficient if it charges the offense for which the defendant is being prosecuted by using the name given to the offense by statute."

The information complies in all particulars with the statutory requirements of this state pertaining to criminal accusations.

Does the information conform to the requirements of the Constitution of the State of Utah? To support the contention that it does not, the appellant advances the argument that malice aforethought is an essential element of the crime of murder and that the form provided by 105-21-47, which was followed in this case, is unconstitutional because it authorizes the omission of this essential element. Going further, he makes the point that since the word "murdered," as used in the form, is but a conclusion of law the information cannot be said to inform the accused of "the nature and cause of the accusation against him." The constitutional provision upon which the appellant relies is Article 1, Section 12, which reads:

Article 1, Section 12. (Rights of Accused Persons)

"In criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation against him. * * * nor shall any person be twice put in jeopardy for the same offense."

The appellant cites the case of *State* v. *Jessup,* 98 Utah 482, 100 P. 2d 969, 970, decided by this court on March 27, 1940, as sustaining his position. There is a clear distinction between the case and the one under consideration. In the Jessup case, the charge was as follows:

"That the said Richard Jessup on or about the 1st day of September * * * did cohabit with more than one person of the opposite sex."

In holding the quoted information insufficient, this court pointed out that since the information did not give the names of the persons with whom it was claimed the accused cohabited, it gave to the accused no information as to the particular crime intended to be charged. There is no such lack in the information under consideration.

The constitutionality of the act of 1935, has heretofore been upheld by this court. *State* v. *Hill,* 100 Utah 456, 116 P. 2d 392; *State* v. *Anderson,* supra, though the question of whether the form therein prescribed or permitted to charge the crime of murder is adequate was not in either case, nor has it been heretofore, specifically considered.

While the term "murdered" may be regarded as a conclusion of law, one cannot say that because it is such a conclusion it fails to bring to the understanding of the accused the nature and cause of the accusation against him. Terms having their beginnings as legal conclusions deducible from a limited number and kind of facts sometimes becomes the means of expressing the facts. Such a word is the term "murdered." Recognizing this, the legislature has, in effect, said that the verb "murdered" as used in the form is the equivalent of saying that A. B. killed C. D. with malice aforethought.

In most of the states that have not adopted the so-called short form of criminal accusation, courts have held that the indispensable element of malice aforethought must be set forth in an information by an express allegation or a specification of facts and circumstances from which malice aforethought may be implied. Courts of the states which

have adopted the so-called short form of criminal accusation have avoided the consequences of the old rule by reaching the conclusion that it is the result of judicial reasoning without legislative direction. Without exception, so far as we have been able to determine the short form provided for making the charge of murder has been held sufficient to meet constitutional requirements almost identical with our own.

In *State* v. *White*, 172 Va. 1045, 136 So. 47, in a decision sustaining a conviction for murder, the Louisiana court said:

"The motion to quash was overruled by the trial judge for the reason that the indictment conforms to the provisions of the Code of Criminal Procedure of the state. It is provided in article 235 of the Code of Criminal Procedure that: 'The following forms of indictments may be used in the cases in which they are applicable, but any other forms authorized by this or any other law of this State may also be used * * * Murder—A. B. murdered D. C.'

"The present indictment complies with the form prescribed by article 235 of the Code. The word 'murder,' as used in that article, was deemed by the compilers of the Code, and by the lawmakers in adopting the Code, to be sufficient to include in its legal significance the unlawful killing of a human being with malice aforethought. The short form of indictment for larceny and perjury allowed by article 235 of the Code has been approved by this court, and as 'murder' is a word of universal and common meaning, no citizen of average intelligence could fail to understand the significance of a charge of murder preferred against him. *State* v. *Abeny*, 168 La. 1135, 123 So. 807; *State* v. *Miller*, 170 La. 51, 127 So. 361."

In another case from the State of Louisiana, *State* v. *Capaci*, 179 La. 462, 154 So. 419, 423, the Court, in sustaining a conviction for murder upon an information almost identical with the one now under consideration, drawn in harmony with statutory provisions almost identical with our own, said:

"The above articles, in our opinion, deal exclusively with the confection of indictments, a matter of pleading, and do not change the substantive law as to the essential elements of the crime charged."

The Supreme Court of New Mexico, pursuant to authority from the state legislature, in 1934 promulgated rules relat-

ing to criminal pleadings almost identical with our own statutory provisions now under consideration. In the case of *State* v. *Roy*, 40 N. M. 397, 60 P. 2d 646, 654, 110 A. L. R. 1, in sustaining a conviction upon an information reading as follows: "Hyman Roy * * * did murder * * * Martha Hutchinson" the Court said:

"In New Mexico we have provided a simple means of indictment or information by which, and within the Constitution, an accusation can be presented against one accused of a crime which sufficiently identifies the charge against the accused, so that his conviction or acquittal may prevent a subsequent charge for the same offense; notify the accused of the nature and character of the crime charged against him to the end that he may prepare his defense; and enable the court upon conviction to pronounce judgment according to the right of the case.

"The form we have prescribed does not require the technical craftsmanship of an artist in rhematics for the drawing of an indictment. Validity is not sacrificed to perfection of form, nor is justice delayed or defeated by legalistic insistence upon statement of details which serve no useful purpose. *People* v. *Bogdonoff*, 254 N. Y. 16, 171 N. E. 890, 891, 69 A. L. R. 1378. We have provided that every accused shall be informed against as the defendant here insists he shall be informed against, in simple, understandable language of the crime he is charged with. This was done in the instant case."

The writer concludes that the statutory form provided by Section 105-21-47 and the information in this case contain all that is required to give to the accused all that is guaranteed him by the Constitution of this state.

The judgment of conviction is affirmed.

WOLFE, LARSON, and McDONOUGH, JJ., concur.

PRATT, Justice (concurring).

Measured by the principles set out in the prevailing opinion of the recent case of *State* v. *Spencer*, 101 Utah 287, 121 P. 2d 912, written on petition for rehearing, the Information in this case is sufficient. The offense is designated by the name given to the degree: * * * murder in the first degree, a felony * * *." It is true that the allegation as to the actual

killing is very general in character, but it is preceded by the words quoted above which specifically indicate and make definite the particular offense intended to be charged, and for which there is a penalty. I concur in upholding this Information.

MOFFAT, C. J., having disqualified himself, did not participate herein.