## STATE v. SCOW.

No. 6343.   Decided May 26, 1942.   (125 P. 2d 954.)

See 31 C. J. Indictment & Information, sec. 189; Error in naming offense covered by allegations of specific facts in indictment, note, 121 A. L. R. 954; See also, 27 Am. Jur., 628.

*Grover A. Giles,* Atty. Gen., *Calvin Rampton,* Deputy Atty. Gen., and *Donald T. Adams,* Dist. Atty., of Monticello, for appellant.

*Lewis Larson,* of Manti, for respondent.

McDONOUGH, Justice.

The respondent, Neal Scow, was charged, by information, with the crime of Pandering, committe as follows, to wit:

"That the said named defendant, Neal Scow, on or about the 15th day of August, A. D. 1941 at and within the county of Sanpete, state of Utah, did then and there convey a certain female person * * * she being the wife of the said defendant, from a point near the Town of Mayfield, to a point near that C. C. C. camp * * * for the purpose of having the said * * * commit acts of prostitution; to wit, acts of sexual intercourse for and in consideration of the payment of money for said acts of sexual intercourse, with certain male persons * * *."

Respondent moved to quash the information, which motion the trial court granted. The State has appealed, con-

tending that the information is, in all respects, sufficient, and that the trial court erred in granting the motion to quash.

Since the lower court rendered its decision in this case, the short form indictment and information statute (Chapter 118, Laws of Utah 1935) has, by this court, been held constitutional. *State* v. *Hill*, 100 Utah 456, 116 P. 2d 392; *State* v. *Anderson*, 100 Utah 468, 116 P. 2d 398. However, respondent has raised an additional question, as to the sufficiency of the information, which our decisions in the above cases do not cover. It is argued that the trial court properly granted the motion to quash the information for the reason that said information charges one crime—pandering—and then sets out acts in the specifications which do not constitute any form thereof; that said acts so specified constitute a separate and distinct crime from that of pandering, viz, that of "transporting a female for purposes of prostitution," and is not included within the scope of the acts which constitute the crime of pandering.

Whether or not the crime of pandering is restricted within the contemplation of our statutes, to the act or acts designated as such by Sec. 103-51-8, Revised Statutes of Utah 1933, or includes, also, the acts specified in the succeeding sections 9, 10, 11 and 12, we need not, for the reason presently to be stated, now consider. As bearing upon such question, see *People* v. *Lockhart*, 242 Mich. 491, 219 N. W. 724; *People* v. *Smith*, 246 Mich. 393, 224 N. W. 402; *State* v. *McCornish*, 59 Utah 58, 201 P. 637; *State* v. *Zaharopoulos*, 60 Utah 244, 208 P. 493.

Though it were conceded that the crime of "pandering" does not encompass under our statutes, the act of "transporting a female for the purposes of prostitution," nevertheless it was error, in the instant case, to quash the information.

"The almost universal rule at common law is that a misnomer or inaccurate designation of a crime in the caption or other part of the

complaint, indictment, or information will not vitiate it where there is a sufficent detailing of the facts constituting the offense in the body of the instrument so that the defendant is fully apprised of the nature of the charge against him. In such case the statement of facts controls the erroneous designation of the offense, and the defendant stands charged with the offense charged in the statement of facts." 121 A. L. R. 1088, 1089.

Cases cited from many jurisdictions support the text. Especially should this rule apply under Sections 105-21-41 and 105-21-42, Laws of Utah 1935, c. 118, providing that repugnant allegations shall not invalidate an information and that unnecessary allegations may be treated as surplusage. Under a similar statute of Iowa, where an indictment named the offense of which the defendant was charged as manslaughter, but the facts set out in the body of the indictment showed a murder, it was held that the court could reject the word "manslaughter" as surplusage and try the defendant for the crime of murder. *State* v. *Davis,* 41 Iowa 311; *State* v. *Shaw,* 35 Iowa 575.

In the instant case the defendant could not be misled by designating the crime as "pandering." What he is alleged to have done is stated. No act under Section 103-51-8 could, under such charge, be proved against him. Two crimes are not charged. The word "pandering" is used in the information in naming the offense—not in the charging part of the information. True, under Section 105-21-6 and 105-21-8, Laws of Utah 1935, c. 118, a crime may be charged by using the name given the offense by the common law or by statute. But where, as here, the acts alleged to have been committed clearly charge a crime, the incorrect designation of such crime—if it be incorrect —should be disregarded.

For the reasons stated, the judgment of the trial court is reversed, and the case remanded for further proceedings.

MOFFAT, C. J., and LARSON, J.

WOLFE, Justice.

I concur. I find no inconsistency between the specifications and the designation of the crime. I am convinced that the crimes denounced in Secs. 103-51-9, 10, 11 and 12 are properly denominated "pandering." The statutes so denominate them and the history of the predecessor enactments and the manner in which they were colated, classified and titled confirms that view.

PRATT, J., not participating.