## STATE v. ROBBINS.

No. 6436.   Decided July 20, 1942.   (127 P. 2d 1042.)

See 54 C. J. Robbery, sec. 105; 27 Am. Jur., 674.

*Karl V. King, Woodrow White,* and *Harley W. Gustin,* all of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., *Calvin Rampton,* Deputy Atty. Gen., and *John A. Hendricks,* of Ogden, for respondent.

MOFFAT, Chief Justice.

Edward Callahan Robbins, defendant and appellant, was found guilty of having committed the crime of robbery on the 30th day of March, 1941, in Davis County, Utah. From such conviction, Robbins appeals.

The facts contained in the evidence, show that on Sunday morning, March 30, 1941, S. Nyal Henrie drove Robbins to the Log Cabin Inn on Highway No. 91, just north of Salt Lake City and left him there. Henrie returned to Salt Lake City and met R. M. Dwelly, the alleged victim of the robbery, at the corner of Second South and Main Street.

Dwelly had previously informed Henrie that he was carrying a large sum of money on his person and had exhibited the money to Henrie. Henrie had previously told Dwelly that he could get him a job and that he would take him out to see a contractor. Dwelly got into Henrie's car and Henrie drove out to the Log Cabin Inn. Henrie got out and went in the Inn and later came out with Robbins. With the three sitting in the front seat, Dwelly in the middle, Henrie drove north

about three-fourths of a mile. Robbins had his right hand in his right-hand pocket. Robbins turned and pointed what seemed to be a gun past Dwelly at Henrie and said,

"You do what I tell you, and you won't get hurt."

Robbins then looked at Dwelly and said,

"And damn you, I don't want any foolishness out of you; I would just as soon kill you as look at you."

Henrie turned right off the highway where there is a large 57 on the side of the hill and went up on to the side hill a little less than a mile. Robbins ordered Henrie to stop the car and then ordered them out. Robbins said to Dwelly,

"Give me your money."

Dwelly gave him his change which he had in his trouser pocket. Robbins cussed Dwelly and said,

"That ain't all the money you got. Give me your pocket book."

Dwelly then gave him his pocket book with a large sum of money in it. Robbins continued,

"I just got out of the penitentiary a day or two ago, and I got to have money. * * * I would just as soon kill you as look at you. You start walking. Walk out behind that little building there."

Robbins then said to Henrie,

"Now, you are going to take me where I want to go. Get in that car."

The two drove away.

The appeal is taken upon two grounds:

"1. The court erred in overruling and denying appellant's motion to quash the information made on the ground that it did not charge the defendant with the commission of a public offense.

"2. The court erred in denying and overruling appellant's motion for a new trial, and appellant's motion for a directed verdict made on the ground that the evidence was insufficient to support a verdict or judgment of conviction."

The information reads:

"Edward Callahan Robbins having heretofore been duly committed by Hon. J. B. Cooley, a committing magistrate of this County to this Court, to answer this charge, is accused by the District Attorney of this Judicial District, by this information, of the crime of Robbery, a Felony committed as follows [sic], to wit; That the said Edward Callahan Robbins on the 30th day of March, 1941, in Davis County, Utah, robbed R. M. Dwelly of lawful money of the United States."

Robbery is defined in Section 103-49-1, Revised Statutes of Utah, 1933, as follows:

"Robbery is the felonious taking of personal property in the possession of another from his person, or immediate presence, against his will, accompished by means of force or fear."

The information follows the general form prescribed by Section 105-21-47, Revised Statutes of Utah, 1933, as amended by Chapter 118, Laws of Utah, 1935, which provides:

"The following forms may be used in the cases in which they are applicable:
\*        \*        \*        \*
"Robbery—A. B. robbed C. D."

This court has heretofore passed upon the constitutionality of the "short form of information" and the sufficiency thereof. *State* v. *Hill,* 100 Utah 456, 116 P. 2d 392; *State* v. *Anderson,* 100 Utah 468, 116 P. 2d 398; *State* v. *Avery,* 102 Utah 33, 125 P. 2d 803; *State* v. *Scow,* 101 Utah 564, 125 P. 2d 954.

Counsel for appellant argues that the information is lacking in charging one essential element of the crime of robbery, viz, that the crime was "accomplished by means of force or fear."

In the case of *State* v. *Avery,* supra [125 P. 2d 804], this court determined the sufficiency of the charging part of an information which read:

"The said Walter Robert Avery did murder Hoyt L. Gates on the 11th day of February, 1941, in the County of Weber, State of Utah.'"

It was therein contended by counsel that one of the essential elements of the crime of murder was "malice aforethought," that such element was not pleaded and the use of the verb "murder" was pleading a legal conclusion. In answer to such argument, the court stated:

"Terms having their beginnings as legal conclusions deductible from a limited number and kind of facts sometimes become the means of expressing the facts. Such a word is the term 'murder.' Recognizing this, the legislature has, in effect, said that the verb 'murdered' as used in the form is the equivalent of saying that A. B. killed C. D. wth malice aforethought."

The use of the verb "robbed" in the instant case comes within the same principle of construction as the verb "murdered" was used in the Avery case.

It is further contended by counsel for the appellant that "robbed" has various meanings and that therefore the accused was not properly advised of the nature and cause of the accusation against him. The charge was a criminal charge, and as such a charge there was but one meaning under the statute. There is but one crime of robbery, as defined by statute in this state. Section 103-49-1, supra. No question could have been in the mind of Robbins as to the nature and cause of the accusation against him. But if he were in doubt, the law provides that he may demand the nature and cause of the action against him. The alleged fact or facts which the state proposes to prove may be secured by demanding a bill of particulars. In the instant case, such a demand for the particulars was made and furnished. Robbins was sufficiently advised of the nature and cause of action against him.

The question is here raised whether pleading facts in addition to those expressly required by Section 105-21-47, supra, requires one to plead all essential elements of the crime charged. In the information before the court there was in addition to the statutory required facts, the facts of the date of the purported robbery and the nature of the personal property taken.

Section 105-21-42, Chapter 118, Laws of Utah, 1935, provides:

"Any allegation unnecessary under the existing law or under the provisions of this chapter, may, if contained in an information, indictment or bill of particulars, be disregarded, as surplusage."

Unnecessary allegations contained in the "short form of information" may be treated as surplusage. *State* v. *Scow,* supra.

The basis of the argument in support of the second assignment of error is that there is no evidence that anyone saw a gun during the entire action and yet the Bill of Particulars alleges:

"Robbins exhibited a gun and ordered Henrie to drive off the highway up east on the hillside to a gravel pit."

Due to the lack of evidence that Robbins actually possessed a gun, it is argued there was no accomplishment of the act by means of force and fear.

The evidence is that Robbins had his hand in his pocket and was poking past Dwelly at Henrie what appeared to Dwelly to be a gun held inside Robbins' pocket. The force was directed against Henrie. Dwelly was between Robbins and the one against whom Robbins was purportedly directing his force. Henrie was being used as a means of enforced transportation to where the robbery occurred. Under such circumstances, Robbins growled at Dwelly,

"And damn you, I don't want any foolishness out of you; I would just as soon kill you as look at you."

Later Robbins told Dwelly,

"Give me your money," "That ain't all the money you got. Give me your pocket book" and "I just got out of the penitentiary a day or two ago, and I got to have money. * * * I would just as soon kill you as look at you. You start walking. Walk out behind that little building there."

There was sufficient evidence to go to the jury as to whether the taking of the money by Robbins from Dwelly was "against his will" and "accomplished by means of force and fear."

Judgment affirmed.

LARSON, McDONOUGH, and BRONSON, JJ., concur.

WOLFE, Justice (concurring).

I concur.

But I am not sure that it is necessary to enlist Sec. 105-21-42, Chapter 118, Laws of Utah 1935, in order to hold the information good. As I understand the argument of the defendant it is that regardless of the fact that the date of robbery and type of personal property stolen were pleaded, the information is still not good. This because it reveals that the "to wit" clause was not intended to be the charging part but only a particularization of that part which preceded the "to wit" clause and that the charging part itself is inadequate under the (a) part of Sec. 105-21-8 of Chap. 118, Laws of Utah 1935, or under Sec. 105-21-47 of the same Chapter. I think the "to wit" clause can be considered as the charging part and that the information is good under paragraph (b) of 105-21-8 in that it charges the offense in "terms of substantially the same meaning" as the "common law" and these terms were "sufficient to give the court and the defendant notice of what offense was intended to be charged." The term "robbed" was an understandable medium of conveying the idea that the money had been taken from the person of another against his will and by force or fear. The word "robbed" was a term of the common law.

PRATT, J., on leave of absence.