STATE v. BURKE et al.

No. 6396. Decided October 6, 1942. (129 P. 2d 560.)

See 22 C. J. S., Criminal Law, sec. 1003; 27 Am. Jur., 618. 670.

*Willard Hanson*, of Salt Lake City, *Roy F. Tygesen*, of Magna, and *Stewart M. Hanson*, of Salt Lake City, for appellants.

*Grover A. Giles*, Atty. Gen., *Calvin L. Rampton*, Deputy Atty. Gen., and *C. N. Ottosen*, of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

The defendants and appellants, T. E. Burke and Joe Lewis were each of them found guilty as charged in an information. Burke and Lewis were found guilty and sentenced to be imprisoned in the Utah State Prison for the indeterminate term as prescribed by law for the crime of gambling.

The information charged the crime of gambling in violation of Title 103, Chapter 25, Section 1, Revised Statutes of Utah 1933, committed as follows, to wit:

"That the said T. E. Burke and Joe Lewis, on the 13th day of May, A. D. 1940, at the County of Salt Lake, State of Utah, did willfully, unlawfully and feloniously carry on, open, conduct and cause to be opened and conducted, as owner, proprietor and employee at those

certain premises described and known as Burke's Wonderland, located in Magna, Salt Lake County, State of Utah, a certain card game, said game being then and there played with cards for money; contrary to the provisions of the Statute."

Demand for separate trials was made by each defendant and denied.

The defendants separately moved to dismiss the information and to quash the information on grounds that it did not state facts sufficient to constitute an offense; that the information did not comply with the provisions of Art. I, Section 12 of the Constitution of Utah, that it did not comply with 105-11-1, Revised Statutes of Utah 1933.

A bill of particulars was demanded and furnished. The case was tried to the court sitting without a jury upon waiver of a jury trial by both defendants.

The pertinent part of 103-25-1, supra reads:

"Every person who deals or carries on, opens or causes to be opened, or who conducts, either as owner or employee, whether for hire or not, any game played with cards, dice or any other device, for money, checks, credit or any other representative of value is guilty of a felony * * *."

The title of Chapter 25 of Title 103 is "Gaming" and the word "gambling" does not appear therein nor in section 1, except to describe some devices which the sheriff may seize. The statute makes an offense the carrying on, opening or causing to be opened, or conducting, "either as owner or employee, whether for hire or not, any game * * * for money."

Section 105-21-8, Revised Statutes of Utah 1933, as amended by Chapter 118, Laws of Utah 1935, provides three ways in which an offense may be charged.

An erroneous designation of the offense does not invalidate an information if by other proper allegations, the offense charged is made clear, and repugnant allegations shall not invalidate an information. Unnec-

essary allegations may be treated as surplusage. Laws of Utah 1935, Chapter 118, Section 105-21-42; *State* v. *Scow*, 101 Utah 564, 125 P. 2d 954.

The objections to the information are not well taken. *State* v. *Hill*, 100 Utah 456, 116 P. 2d 392; *State* v. *Anderson*, 100 Utah 468, 116 P. 2d 398; *State* v. *Avery*, 102 Utah 33, 125 P. 2d 803.

It is complained that the court erred in refusing to grant defendants separate trials. Before the amendment of Section 105-32-6, Revised Statutes of Utah 1933, any defendant demanding a separate trial had to be tried separately. Chapter 129, Laws of Utah 1935, amended Section 105-32-6, to provide that when two or more defendants are jointly charged with any offense, they shall be tried jointly, unless the court in its discretion on the motion of the prosecuting attorney or any defendant orders separate trials. It was charged that Burke and Lewis did carry on, open, conduct and cause to be opened and conducted, as owner, proprietor and employee a card game for money. The evidence shows participation of both; that the operation was a continuing one and that such operation was a part of a business. The court did not abuse its discretion in denying separate trials.

Objection is made that counsel for the state was permitted to read in evidence the testimony of a witness who testified at the preliminary hearing but was not present at the trial. Section 105-1-8, Revised Statutes of Utah 1933, provides, in part:

"In criminal prosecutions, the defendant is entitled: * * *

"(4) To be confronted by the witnesses against him, except that, where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or has had an opportunity to cross-examine the witness * * *."

In the instant case, the witness was called at the preliminary hearing by the defendants. The testimony was offered.

No surprise was indicated. A party calling a witness vouches for that witness unless surprised, in which situation, he may be cross-examined by the party presenting the witness. No question was raised as to the testimony given by the absent witness at the preliminary hearing. The testimony of the witness was taken and transcribed by an official reporter and certified to be correct. The right of confrontation and the opportunity to examine or cross examine the witness was afforded.

In the case of *Reese* v. *Morgan Silver Mining Co.*, 17 Utah 489, 54 P. 759, this court held that where it appears that a witness sworn at a former trial was out of the state at a second trial and could not be reached by subpoena, such testimony when properly transcribed may be read in evidence at a second trial. The record discloses the witness was out of the state, such being the testimony of the party trying to serve the process.

Objection is made to certain questions permitted in the cross-examination of Burke. Burke testified as to the place of business being his and, inferentially and directly denied testimony that he, Burke, had card games for money on his premises and that he participated in them.

The cross-examination was relevant as it was related to the place of business and the activities of Burke and what transpired at his place of business. The cross-examination was related to the matter about which he testified.

Defendants complain because the court admitted testimony of two witnesses in rebuttal. The testimony related to having seen gambling games in Burke's beer tavern on occasions previous to the one charged. Had the information been limited to "gaming" or "gambling," the rule against proof of other offenses would bear strongly in defendant's favor. The offense here charged is not that of "gambling" or "gaming" in a single instance, such as to bring the cause within Section 103-25-2, Revised Statutes of Utah 1933, a misdemeanor, but the offense is

one charged under Section 103-25-1, supra, and is in the nature of a continuing offense, where games with cards were played for money or other things of value.

The motions for a new trial were properly denied. There was sufficient material and relevant evidence from which a jury could have found the defendants guilty. The court, sitting without a jury, is presumed to have disregarded any irrelevant, immaterial or other evidence not pertinent to the issue. We cannot say the court was in error. What a jury may have found from the evidence is a fair measure as to what the court may find. Evidence to support one should support the other.

Judgment affirmed.

WOLFE, LARSON, and McDONOUGH, JJ., concur.

PRATT, J., on leave of absence.