## NATIONAL LABOR RELATIONS BOARD v. FULTON BAG & COTTON MILLS.

No. 3932.

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1950.

Rehearing Denied March 15, 1950.

Edward Friedman, Washington, D. C. (David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, and Mozart G. Ratner and George H. Plaut, Attorneys, National Labor Relations Board, Washington, D. C., were with him on the brief) for petitioner.

Kenneth W. Robinson Denver, Colo. (Robert D. Charlton and Robert Swanson Denver, Colo., were with him on the brief), for respondent.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The National Labor Relations Board found that Fulton Bag & Cotton Mills laid off an employee named Felix Trujillo and refused to reinstate him prior to a certain date because of his membership and activ-

ities in a labor union and because of his participation in a proceeding pending before the Board involving Ellis Canning Company; and the Board concluded that the acts of the company constituted unfair labor practices in violation of Section 8(1) (3) and (4) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., as amended by Title 1, Section 101, of the Labor Management Relations Act, 61 Stat. 136, 29 U.S.C.A. § 151 et seq. The Board ordered the company to cease and desist from its unfair labor practices, ordered it to make Trujillo whole by payment to him of a sum equal to the amount he would normally have earned as wages during a period of ten days, from October 21, 1946, to October 31, 1946, and ordered it to post notice in its plant. But the order did not include a provision requiring the reinstatement of Trujillo. The company failed to comply with the order. The Board petitioned for an order of enforcement, and the company answered resisting enforcement.

The parties address themselves to the question whether the material findings of fact made by the Board are supported by substantial evidence. It would not serve any useful purpose to detail the evidence at length. There was substantial evidence to sustain the material findings of the Board and therefore they must stand on review. National Labor Relations Board v. Columbian Carbon Co., 10 Cir., 177 F.2d 1003.

The company urges the contention that the order of the Board should not be enforced for the reason that the agents and employees of the Board were responsible for the lay off of Trujillo. Trujillo was an employee of the Ellis Canning Company prior to his entering the employ of the Fulton Bag & Cotton Mills. His employment by the Canning Company terminated and a charge of unfair labor practices was filed with the Board. After entering the employ of Fulton Bag & Cotton Mills, he sought two separate absences from his work. The excuse given on the first occasion was that he desired to attend to a personal matter. On the second occasion, he presented a letter signed by the regional attorney for the Board directing him to appear at the hear-

ing conducted by the Board in the proceeding involving the Ellis Canning Company. At that time he stated that he was acting as interpreter in the proceeding and was being paid for his services. On inquiry, the company learned that his first absence was not on a personal matter but was to give attention to the proceeding against the Canning Company, and that on the second occasion he was not being paid for services as interpreter in that proceeding. The Board has authority to issue subpoenas requiring the attendance of witnesses, and it might have issued a subpoena for the attendance of Trujillo. But its failure to issue a subpoena for him, and his absence voluntarily to give attention to the matter then pending before the Board, did not warrant the company in laying him off and refusing to reinstate him if the actual reason for the lay off and refusal to reinstate was his membership and activities in the union and his participation in the proceedings pending before the Board. In other words, if the company laid him off and refused to reinstate him for a period of time because of his membership and activities in the union and because he was absent to attend proceedings before the Board, it is no valid excuse for the company to say that the Board might have issued a subpoena for his attendance.

The further contention of the company is that the order of the Board should not be enforced because the Board failed to protect its own processes. The company filed with the Board a motion to dismiss the proceeding on the ground that the charge was filed by Louis Levin, a representative of the union to which Trujillo belonged; that Levin was a member of the Communist Party; that the avowed purposes of that party were to undermine the economic and governmental functions of the United States; that the charge was not filed in good faith or in the interest of Trujillo; and that it was filed for the purpose of disrupting the good will between the company and its employees and to effectuate the objects and designs of the Communist Party. Substantially the same issues were tendered in the answer. The company in advance of the hearing filed a written application for the issuance of subpoenas for the attend-

ance of certain witnesses and the production of certain books, records, and correspondence, all for the purpose of proving that Levin and Trujillo were members of the Communist Party and had attended meetings thereof. A like oral application for the issuance of subpoenas was made at the beginning of the hearing before the trial examiner, and later in the course of the hearing an offer was made to prove the facts substantially as set forth in the motion to dismiss, in the answer, and in the applications for the issuance of the subpoenas. The trial examiner declined to issue the subpoenas and rejected the tendered proof. In its decision, the Board recited generally that it had reviewed the rulings made by the examiner; that no prejudicial error was committed by such rulings; and that they were affirmed. Even though Levin may have been a member of the Communist Party, and even though his purpose in lodging the charge with the Board was to further the objects and designs of the Communist Party, those facts did not affect the jurisdiction of the Board. The Act requires a charge before the Board may issue a complaint. But the charge merely sets in motion the machinery of an inquiry. The Board makes the inquiry. And after the inquiry, the Board makes the formal complaint or fails to do so as its judgment indicates. And when the Board issues its complaint, the sole question is the truth of the accusation of unfair labor practices contained in it. The charge filed with the Board is not a pleading and is not proof. And the motives of the informer however evil or unlawful do not deprive the Board of its jurisdiction to conduct the inquiry, to file the formal complaint, or to proceed in conventional manner after the filing of the complaint. National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 63 S.Ct. 394, 87 L.Ed. 579.

While the Board has jurisdiction to proceed after the filing of a charge regardless of the underlying motives of the informer, it may properly determine for itself whether its processes are being abused through the filing of an information based upon evil and unlawful purposes of the informer rather that a purpose to present a violation of the Act, and in exploring that question the Board may give appropriate consideration to all facts and circumstances which have material bearing. It may do that for the purpose of protecting its processes against abuse. And if it determines with reasonable foundation that its processes would be abused by filing a complaint and going forward with the proceeding, it may decline to entertain and proceed upon the charge. In like manner, if it determines later that its processes are being abused, it may decline to proceed further. But the question whether the processes of the Board were being subjected to abuse in this instance by the filing of the charge against the company for the purpose of effectuating the objects and designs of the Communist Party rather than to enforce the rights of an employee under the Act was a matter resting in the sound discretion of the Board. National Labor Relations Board v. Indiana & Michigan Electric Co., supra; National Labor Relations Board v. Fred P. Weissman Co., 6 Cir., 170 F.2d 952, certiorari denied 336 U.S. 972, 69 S.Ct. 942.

The Board, in the exercise of its discretion, determined not to explore the collateral issue of the objects and purposes of the Communist Party, or the membership of Levin and Trujillo in that party, or the underlying motives of Levin in lodging the charge with the Board. And it cannot be said that the declination of the Board to explore those fields impaired the final order of the Board now under review. Neither does it warrant a refusal to enforce the order. National Labor Relations Board v. Donnelly Garment Co., 330 U.S. 219, 67 S.Ct. 756, 91 L.Ed. 854.

The company points to subsection (h) of section 9 of the Act, as amended, supra. It is argued that the declaration of policy contained in the subsection should be given controlling force and effect in this proceeding. The subsection provides among other things that the Board shall not make an investigation of any question concerning the representation of employees, raised by a labor organization under subsection (c) of the section, shall not entertain any complaint under subsection (e) of the section presented by a labor organiza-

tion, and shall not issue a complaint pursuant to a charge made by a labor organization under subsection (b) of section 10, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any affiliate or constituent unit of such labor organization that he is not a member of the Communist Party or affiliated with that party, and that he does not support any organization that teaches the overthrow of the United States Government by force or by any unconstitutional or illegal methods. This statute lays down a policy respecting the access of Communist-led organizations to the benefits and procedures of the Act. But the statute is prospective in its operation. This proceeding was begun and the hearing was completed before the amended Act became effective, and therefore subsection (h), supra, does not have application. National Labor Relations Board v. Mylan-Sparta Co., 6 Cir., 166 F.2d 485; National Labor Relations Board v. Clark, 3 Cir., 176 F.2d 341.

 The company urges that evidence showing that Trujillo was a member of the Communist Party was admissible for the purpose of affecting his credibility. The Board called Trujillo as a witness and he gave testimony designed to sustain the charge of unfair labor practices laid in the complaint. It is the general rule, except in a case directly growing out of a political controversy, that a witness may not be interrogated on cross-examination in respect to his political affiliation for the purpose of impeachment or of affecting his credibility. Henderson v. Dreyfus, 26 N.M. 541, 191 P. 442. But for the purpose of affecting his credibility, a witness may be asked on cross-examination whether he is a member of the Communist Party. Eteenpain Cooperative Society v. Lillback, 1 Cir., 18 F.2d 912. The Board should have permitted the company to ask Trujillo whether he was a Communist, solely for the purpose of affecting his credibility. If he admitted membership in the party, the inquiry could not properly go further. If he answered in the negative, then resort could be had to other evidence to establish the fact. But the company did not have the right under color of impeachment of the witness to explore collateral questions concerning the teachings or designs of the Communist Party or its activities in Denver. Even though it was error to deny the company the right to ask the witness on cross-examination whether he was a Communist, the error was a technical one; and it would be doctrinaire to say that it affected the final action of the Board in such a substantial and decisive manner that the order should not be enforced.

 The remaining contention of the company which calls for brief consideration is that testimony showing Levin's membership in the Communist Party was likewise admissible for the purpose of affecting his credibility. The Board did not call Levin as a witness. The company called him and he seemingly gave in full measure the precise testimony that the company sought. There was nothing connected with his testimony which indicated surprise on the part of the company. Having called Levin as its witness and not being surprised by the testimony which he gave, the company was not in position to impeach him or to depreciate his credibility by showing that he was a Communist. Schmeltz v. Tracy, 119 Conn. 492, 177 A. 520; Bernard's Inc., v. Austin, Tex.Civ.App., 300 S.W. 256; Gladstone v. Fortier, 22 Cal.App.2d 1, 70 P.2d 255; Flauhaut v. State, 66 Okl.Cr. 417, 92 P.2d 587; State v. Burke, 102 Utah 249, 129 P.2d 560.

The order of the Board will be enforced.

PHILLIPS, Chief Judge, dissenting.

To establish the allegations of its complaint, the National Labor Relations Board [1] relied almost entirely on the testimony of the witness, Trujillo. Trujillo's relations with his employers had followed an unusual pattern. From September, 1945, to February, 1946, he was employed by the Ellis Canning Company at Denver, Colorado.

---

1. Hereinafter called the Board.

Shortly after leaving the employment of the Ellis Company, he caused charges of unfair labor practices to be filed against the Canning Company with the Board. From May 30, 1946, to June 9, 1946, he worked for the Great Western Mushroom Company at Denver. On the latter date, he was discharged and shortly thereafter he caused charges of unfair labor practices to be filed against the Mushroom Company. He went to work for the Fulton Bag and Cotton Mills[2] on June 10, 1946, and discontinued his employment with the respondent on October 16, 1946. Thereupon, he caused charges of unfair labor practices to be filed with the Board against the respondent.

At the time he applied for employment with the respondent, he misrepresented the facts with respect to his previous employment. During that employment when he requested a leave of absence, he made untrue statements to Naas, Superintendent of the respondent. When he testified in the instant case before the Examiner, he stated that he was then employed in a coal mine at Brilliant, New Mexico, when, in fact, he was then working for the Wires Specialty Company in Denver, Colorado.

We know that one of the techniques employed by the Communists to accomplish their avowed end of destroying our economic system is to foment industrial strife, disrupt peaceable relations between employer and employees, and inspire strikes. Ordinarily, on cross-examination, it is not proper to inquire into the political affiliation of the witness. However, in the instant case, I think it was proper to inquire on cross-examination of Trujillo whether he was a member of the Communist Party and whether he adhered to the tenets of that party to bring about industrial strife, disrupt peaceable relations between employer and employees, and to inspire strikes.[3] It seems to me that, under the circumstances of this case, if Trujillo was a member of the Communist Party and adhered to the tenet referred to above, those facts should have been considered by the Examiner and the Board in weighing the testimony of Trujillo, and in determining whether the processes of the Board were being abused to aid the accomplishment of an unlawful objective.[4]

It is my opinion that the case should be remanded for further proceedings in accordance with the views I have expressed.

---

2. Hereinafter called the respondent.

3. See Henderson v. Dreyfus, 26 N.M. 541, 191 P. 442, 453.

4. See National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 18, 63 S.Ct. 394, 87 L.Ed. 579.