**NATIONAL LABOR RELATIONS BOARD.**

v.

**CHAUTAUQUA HARDWARE CORP.**

No. 83, Docket 22805.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1953.

Decided Dec. 18, 1953.

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Frederick U. Reel and Robert E. Miller, Attorneys, Washington, D. C., for petitioner.

J. Russell Rogerson, Jamestown, N. Y., Bond, Schoeneck & King, Lyle W. Hornbeck, Syracuse, for respondent.

Before SWAN, FRANK and MEDINA, Circuit Judges.

SWAN, Circuit Judge.

This case lies within very narrow compass. Decision must turn on the motive of the respondent in refusing two employees permission to take time off on the afternoon of April 25, 1952, and in laying them off for the week beginning April 28th because they left work on the 25th without permission. Prior to April 25th the company had had a liberal policy of granting requests for time off. On April 9th two employees, Jerder and Olson, who constituted the union's shop committee, had been allowed time off to attend a representation hearing with the Regional Office of the Board. That hearing had been adjourned to 2 P. M. April 25th. On the morning of that day the same two employees asked their foreman for permission to take the afternoon off. He denied permission; nevertheless they checked out at noon. They wanted to attend and did attend, the representation hearing. They testified that the foreman was told the reason for their desiring the afternoon off. He denied this, but the trial examiner credited the employees' testimony in preference to the foreman's. The company's president saw them at the representation hearing. On the following Monday morning, April 28, he laid them off for the rest of that week because they had left work without permission on the 25th. Witnesses for the company testified that the reason for suddenly changing its former liberal policy as to time off and for laying off the two men on the 28th was to maintain discipline and to prevent absenteeism at a time when business conditions required the prompt filling of orders on hand. The trial examiner did not accept this explanation. He concluded that the respondent's refusal of time off and the disciplinary layoff were in reprisal for

the employees' attendance at the representation hearing and were not motivated by legitimate business considerations. Accordingly he found that the respondent's conduct violated sections 8(a) (1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1, 3). The Board adopted the trial examiner's report and made the customary order directing the respondent to cease and desist and to take affirmative action to make good any loss of wages suffered by the two employees by reason of their layoff.

The respondent contends that the record contains no support for the Board's findings. We disagree. There was no showing of changed conditions between April 9 and April 25; or that the absence of Jerder and Olson resulted in any delay in shipments; or that any men were hired to replace them on April 25 or during their layoff from April 28 to May 5; or that during their absence other employees did their work. We cannot say that the examiner's inference as to the respondent's motive in suddenly changing its time-off policy and in imposing the disciplinary layoff was irrational. We have recently explained at length in National Labor Relations Board v. James Thompson & Co., 2 Cir., 208 F.2d 743, that when the issue is the employer's motive in taking action affecting his employees, decision may turn on evidence not reproduced in the printed record, namely, the impression as to credibility made by witnesses whom the examiner sees and hears. As was there said: "We do not see any rational escape from accepting a finding unless we can say that the corroboration of this lost evidence could not have been enough to satisfy any doubts raised by the words; and it must be owned that few findings will not survive such a test." Accepting the examiner's finding as to motive, it cannot be doubted that the respondent's change of policy as to time off and the disciplinary layoff were unfair labor practices. See F. W. Woolworth Co. v. National Labor Relations Bd., 2 Cir., 121 F.2d 658, 660; National

Labor Relations Bd. v. Condenser Corp., 3 Cir., 128 F.2d 67, 75; National Labor Relations Bd. v. Fulton Bag & Cotton Mills, 10 Cir., 180 F.2d 68, 70.

The petition for enforcement is granted.