**2014 UT App 249**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF N.A.D., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

N.A.D.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Memorandum Decision
No. 20130669-CA
Filed October 23, 2014

Fourth District Juvenile Court, Orem Department
The Honorable Mary T. Noonan
No. 1071590

Neil D. Skousen, Attorney for Appellant

Sean D. Reyes and Ryan D. Tenney, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.

DAVIS, Judge:

¶1     Fourteen-year-old N.A.D. was accused of raping and
threatening to kill seven-year-old K.W. while N.A.D. and his sister
were sleeping at K.W.'s home. N.A.D. was subsequently
adjudicated delinquent for rape of a child and threatening the life
of a child. We affirm.

¶2 N.A.D. first argues that he was denied due process because the same judge who ruled on his motion to suppress presided over his trial. Because this issue was not preserved below, he raises it on grounds of plain error and ineffective assistance of counsel.

¶3 In order to prevail on grounds of plain error, an appellant must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993). "An error is obvious only if the law governing the error was clear at the time the alleged error was made." *State v. Maestas*, 2012 UT 46, ¶ 37, 299 P.3d 892 (citation and internal quotation marks omitted).

¶4 N.A.D. asserts that the juvenile court judge could not impartially hear his case because the judge had previously heard evidence of his confession when she considered and granted his motion to suppress. He therefore maintains that it was plain error for the judge not to recuse herself from the trial. However, N.A.D. identifies no settled law supporting his argument. Instead, N.A.D. points to case law indicating that a defendant whose motion to suppress was denied before trial need not renew his motion at a bench trial in order to preserve the suppression issue for appeal where the same judge who heard the motion presides over the trial. *See, e.g.*, *State v. Griffin*, 754 P.2d 965, 968 (Utah Ct. App. 1988). He then argues that because judges are presumed to be aware of pretrial issues they have ruled on for preservation purposes, they should also be presumed to have been influenced by them in their rulings at trial.

¶5 Even if we were inclined to agree with N.A.D., the inference he asks us to draw from *Griffin* and similar cases does not constitute settled law sufficient to support a plain error claim. Indeed, not only is N.A.D.'s position not supported by settled law, it is actually *contradicted* by settled law. When a jury hears a case, the court is required to conduct the trial "so that inadmissible

evidence is not suggested to the jury by any means." Utah R. Evid. 103(d). However, "judges in bench trials are presumed to be less likely than juries to be prejudiced by [inadmissible] evidence." *State v. Adams*, 2011 UT App 163, ¶ 12, 257 P.3d 470; *see also State v. Burke*, 129 P.2d 560, 562 (Utah 1942) ("The court, sitting without a jury, is presumed to have disregarded any irrelevant, immaterial or other evidence not pertinent to the issue."). We have therefore "recognize[d] a presumption that the court considers only admissible evidence and disregards any inadmissible evidence." *Adams*, 2011 UT App 163, ¶ 12; *see also* 46 Am. Jur. 2d *Judges* § 153 (2006) ("A judge is not disqualified to sit in a trial on the merits by having heard and decided a preliminary proceeding in the same cause on the basis that a judge is uniquely capable of distinguishing the issues and of making an objective determination based upon appropriate legal criteria, despite the awareness of facts which cannot properly be relied upon in making the decision." (footnotes omitted)). To rebut this presumption, the defendant must demonstrate that "the inadmissible evidence actually factored into the trial court's determination of the defendant's guilt." *Adams*, 2011 UT App 163, ¶ 14. N.A.D. has pointed to nothing in the juvenile court's ruling suggesting that the judge relied on his confession apart from his speculation that the judge would not have found the State's evidence credible had she not known about the confession. But speculation is not enough, and there is no evidentiary basis on which to conclude that the juvenile court judge should have sua sponte recused herself from conducting the bench trial.

¶6     For the same reasons, N.A.D. cannot prevail on his ineffective assistance of counsel claim. In order to prevail on grounds of ineffective assistance, a defendant must demonstrate, first, "that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment" and, second, "that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). In demonstrating deficient performance, "a

defendant bears the burden of demonstrating why, on the basis of the law in effect at the time of trial, his or her trial counsel's performance was deficient." *Dunn*, 850 P.2d at 1228; *see also State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546 ("Failure to raise futile objections does not constitute ineffective assistance of counsel."). Because there was no basis in existing law for N.A.D.'s counsel to have requested that the juvenile court judge recuse herself, N.A.D. cannot show that his counsel performed deficiently.

¶7     N.A.D. next argues that his trial counsel was ineffective for failing to call an expert witness to testify regarding the effects of N.A.D.'s medication. N.A.D. relies on our supreme court's ruling in *State v. Hales*, 2007 UT 14, 152 P.3d 321, which determined that the failure of a defendant's attorneys "to conduct an adequate investigation" by enlisting an expert to review CT scans vital to the State's case constituted ineffective assistance. *Id.* ¶ 93. Counsel in *Hales* failed to consult an expert until the morning of trial, and the expert consulted was not qualified to testify. *Id.* ¶ 29. When Hales moved for a new trial based on ineffective assistance, he provided an affidavit from a qualified expert interpreting the CT scans in a manner that had the potential to exonerate Hales. *Id.* ¶ 31. Based on this information, the supreme court concluded that "there was a 'reasonable probability' that, but for the errors, Hales would not have been convicted." *Id.* ¶ 92.

¶8     Unlike Hales, N.A.D. has not shown either that his counsel failed to adequately investigate the effect of his medication or that an expert would have provided helpful testimony if called as a witness. The record indicates that N.A.D.'s counsel had enlisted "Wasatch Mental Health Professionals" as prospective witnesses, although those witnesses were not ultimately identified or called to testify. This belies N.A.D.'s claim that his counsel did not consult with experts regarding his health issues and medication. But even if counsel's investigation was inadequate, the record does not indicate what an expert would have testified to if called. N.A.D. points to his mother's testimony that he was taking medication, that he could not sleep without it, and that it was very difficult to

wake him after he had taken it. But unlike Hales, who provided an affidavit by an expert indicating what the expert would have testified to if called at trial, N.A.D. has provided us with nothing to indicate that an expert would have corroborated or added to his mother's testimony, and the record does not even identify the precise medication N.A.D. was taking. *Cf. State v. Charles*, 2011 UT App 291, ¶ 32, 263 P.3d 469 (rejecting an ineffective assistance claim where a defendant asserted on appeal that an expert would have provided corroborating testimony helpful to his case but "provided no evidence to support this claim"). Therefore, we can only speculate as to what an expert would have testified to if called by N.A.D.'s counsel, and "proof of counsel's ineffectiveness must be a demonstrable reality, not mere speculation." *See State v. Tyler*, 850 P.2d 1250, 1254 (Utah 1993). Because N.A.D. has failed to demonstrate that he was prejudiced by his counsel's failure to call an expert to testify regarding the effects of his medication, we reject his ineffective assistance claim on this issue.

¶9     Finally, N.A.D. argues that the evidence was insufficient to support the juvenile court's adjudication. "When reviewing a bench trial for sufficiency of the evidence we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if [we] otherwise reach[] a definite and firm conviction that a mistake has been made." *In re D.V.*, 2011 UT App 241, ¶ 6, 265 P.3d 803 (alterations in original) (citation and internal quotation marks omitted).

¶10    N.A.D. acknowledges that K.W.'s testimony supports the juvenile court's adjudication but argues that this testimony was insufficient in light of testimony from N.A.D.'s mother that his medication would have caused him to sleep deeply all night and from N.A.D.'s ten-year-old sister that K.W., rather than N.A.D., was the aggressor. "However, the juvenile courts are given wide latitude based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field, and devoted attention to such matters." *In re C.C.R.*, 2011 UT App 228, ¶ 16, 257

P.3d 1106 (citation and internal quotation marks omitted). The juvenile court found K.W.'s testimony credible and explained the reasons for this finding, including that K.W.'s description of the event was "compelling"; that she "listened carefully," "maintained eye contact," "sat tall," and "was direct in responding to questions" at trial; and that she "asked when she was confused," "didn't squirm," and "didn't shy from the questions or otherwise indicate that she was confused or equivocating." On the other hand, the juvenile court found that N.A.D.'s sister was not a credible witness because she "was clear that she really wanted [N.A.D.] not to be in trouble," she could not describe the events she testified to in detail, aspects of her testimony were inconsistent or illogical, and her demeanor suggested that she was "uncomfortable . . . with her own responses" to questions at trial. The juvenile court also observed that despite the testimony regarding the effects of N.A.D.'s medication, no witness definitively testified that N.A.D. had actually taken the medication or that he was actually asleep at the time of the events in question. Based on this assessment of the evidence, the juvenile court found that the State had proven the allegations beyond a reasonable doubt. The juvenile court's findings are entitled to deference, and we are not convinced that they were against the clear weight of the evidence.

¶11 In sum, Utah law does not require a judge who has gained knowledge of inadmissible evidence by presiding over pretrial matters to recuse herself from conducting a bench trial. Thus, N.A.D.'s plain error and ineffective assistance of counsel claims relating to this issue fail. Furthermore, N.A.D. has failed to demonstrate that he was prejudiced by his counsel's decision not to call an expert witness to testify regarding his medication, and therefore, his ineffective assistance claim relating to this issue likewise fails. Finally, the evidence was sufficient to support the juvenile court's delinquency adjudication. We therefore affirm.

———